Chief Justice Robertson
delivered the Opinion of the Court.
The County Court of Marion having appointed Nancy Isaacs guardian for her infant son, under fourteen years of age — made an order for suspending the appointment^ after she had given bond, and had been in every respect duly appointed, and after she had, as may be inferred, -left the Court; and, at a succeeding term of the Court, an order was made for nullifying the bond which she had' given, and for appointing the executor of her deceased husband’s will the guardian of her infant son, without her consent or knowledge; and she now complains to this Court.
It has been said, in Piat vs. Allaway (2 Bibb, 554,) that the removal of a guardian by the order of a County Court, is not such a judicial act as this Court can revise; because, as there suggested, the County Courts may, in their own discretion, and upon their own view or knowledge, without formal proof, remove a guardian. We admit that there may be cases in which such a discretion may be exercised; and we admit also, that, in *601 ■such a case, this Court could not control the County Court. But we cannot admit that the County Courts have a supreme and absolute power over all the orphans and guardians of the Commonwealth, or that they can, ad libitum, remove guardians without cause, or without notice. A guardian is a trustee; and although he may, in contemplation of law, have no beneficial interest, yet he has such an interest as the law recognizes, and will protect. Besides, in this case, there is another and peculiar interest entitled to no little consideration: Mrs. Isaacs was the natural guardian; the statutory guardian will be, not only curator of the estate, but also tutor, entitled to the custody of the person of the ward; and therefore, the mother, who is admitted to be a woman of unexceptionable character and of undoubted capability, might be deprived of the society of her child, and the child might be deprived of her maternal care and instruction. Moreover, the removal of a guardian for alleged incompetency, or mal-conduct, is personally derogatory and humiliating.
The executor has no prior right to the guardianship of the testator’s child; but, on the contrary, is a very improper person for that trust-. The mother is the natural guardian, and (when not -unwortliy) the most suitable person to be appointed statutory guardian.
As soon as a guardian appointed by the county court, has given the required bond, the appointment is con summated, and cannot he revoked without notice to the guardian.
If then, a County Court, without jurisdiction, remove a guardian, or, having jurisdiction, remove one without cause, or without notice, surely this Court must have some revisory and corrective power over such an order of an inferior court of justice, whose admitted ju. risdiction is at least as ample as the public safety would admit.
The record in this case, does not intimate that there was any personal objection to Mrs. Isaacs; on the contrary, it authorizes the inference that there was none, and could have been none; but that the only reason for superseding her, was a belief that the executor — the-last competent person on earth who should be the guardian — had some prior or superior legal right to be appointed.
As then no sufficient cause is shown for rescinding the order appointing Mrs. Isaacs guardian', and she had no notice that any such thing would be attempted, the order should be reversed, if it be deemed a virtual removal from the guardianship, as it must be if she was ever guardian.
*602 Her appointment was consummate when her bond had been accepted; and she was guardian de jure, and her appointment could not have been revoked without . 1 r , notice to her.
We are, therefore, of the opinion, that the County-Court erred in making the order for rescinding that which appointed Mrs. Isaacs guardian, and nullifying her bond, and consequently had no power to appoint another guardian, without first removing her, for good cause, and in a proper manner.
Wherefore, all the orders subsequent to her appointment are set aside.