JUDGE LINDSAY
delivered the opinion op the court.
On the 25th day of July, 1873, the Garrard Circuit Court made an order appointing George W. Dunlap the master commissioner for said court "for the next ensuing four years.” Pie at once executed the required bond, took the necessary oaths, and was regularly inducted into office.
On the 14th of October, 1874, said court, without notice to Dunlap and without complaint as to the manner in which he had performed his duties as master, made an order removing him from office, and appointed E. D. Kennedy to fill the vacancy thus occasioned.
On the following day, and before the orders were signed, Dunlap appeared and moved to set the order of removal aside. His motion was heard and overruled, and he has appealed to this court. The question presented by his appeal is whether a circuit court has the power without cause and of its own motion to remove a master commissioner from office ?
Prior to February 20,1839, there were no standing masters attached to any of the courts of this commonwealth.
Section 9 of the act of February 20, 1839 (Loughborough’s *541 Digest, 240), provided that the several chancery courts should appoint standing master commissioners for the purposes of that act. Neither the term nor tenure of the office of such standing masters was fixed, and it seems that they were deemed to hold their offices at the will of the chancellor, they being regarded as the mere agents of the courts for which they acted. (Smith v. Cochran and the Commonwealth, 7 Bush, 152.) In adopting our present constitution the convention did not see fit to regulate their appointment, and left them subject to the control of the courts, or of the legislature in case it should see proper to interfere.
By section 1, chapter 65, of the Revised Statutes it was provided “that the circuit court of each county shall once in every four years, and oftener if a vacancy occurs, appoint a master commissioner for that court. . . . Such commissioner may be removed by the court.”
Section 1 of chapter 75, General Statutes, provides that “ each circuit court shall appoint a master commissioner for such court, may remove him, and appoint another; but no master shall continue .in office more than four years without a re-appointment.”
In this state master commissioners have always been regarded and treated as officers of the courts of chancery, and as mere assistants to the chancellor; and while from time to time the legislature has regulated their duties as such assistants, it has not deemed it proper (except in the case of the commissioner of the Louisville Chancery Court) to render them independent of the'courts to which they maybe attached, nor to define their term of office.
By the ninth section of the act of 1839 a master might continue in office indefinitely. The Revised Statutes limited the term for which the circuit courts could permit them to continue in office by providing that such courts should appoint once in every four years; and the General Statutes provide *542 that no master commissioner shall continue in office more than four years without a re-appointment. These regulations, instead of indicating an intention on the part of the legislature to fix the master’s term of office, and to take from the circuit courts the power of removal except for cause, manifest an intention to limit the time for which they may be allowed to remain in office without a re-appointment, and to leave them in other respects subject to the will of the chancellors for whom they may act as assistants.
The case of Gorham v. Luckett (6 B. Mon. 146) does not militate against this conclusion. A jailer is and was in 1845, when that case arose, a public officer in the full sense of that term. He was. appointed by the county court and subject to be removed by that tribunal; but he was not the agent or officer of the county court. Further than this, the act of December 22, 1802 (2 Statute Laws, 861), provided that the several county courts should have full power to remove the keepers of the county jails whenever it should appear to them that such jailers had been “ guilty of neglect of duty.”
This court held that this express grant of power to remove in a given state of case was intended by the legislature to express the whole power of the county courts in the premises, and to restrict the right they had theretofore possessed of removing jailers at will. The same result would follow if the legislature had prescribed the cause or causes for which a master commissioner may be removed, instead of simply providing that the court “may remove him and appoint another.”
In the case of Isaacs v. Taylor (3 Dana, 600) the county court removed a'guardian, and in the case of Murray, &c. v. Oliver (3 B. Mon. 1) an administrator was removed from office. Neither a guardian nor an administrator is the agent, officer, or assistant of the county court.
They are trustees, and have such interests in the execution *543 of their trusts as entitle them to the protection of the law.. The county courts have supervisory power over them, but their duties are prescribed by law and not by the county courts, and so long as they observe the requisitions of the law and faithfully execute their trusts they can not be compelled to surrender them.
As a master commissioner is but the assistant of the chancellor, it is important to the public interests that there shall exist between him and the chancellor the relationship of trust and confidence. Unseemly controversies between the chancellor and his master tend to obstruct the administration of the law and to weaken the respect of the public for tribunals of justice. Results of this unfortunate character may and very frequently do follow mere want of cordiality between these officers; yet in such cases there may exist no legal reason for the exercise by the court of its power to remove the master from office, if such power can only be exercised when it has been shown that he has been guilty of some malfeasance or misfeasance in office, or of some culpable neglect of duty.
As a question of abstract right as well as of public policy, it seems to us that the chancellors should have power to determine who shall assist them in the discharge of the difficult and delicate duties of their offices. We are satisfied that under existing laws they possess that power, and consequently that the action of the circuit judge in removing appellant from office is not subject to the revision of this court.
Appeal dismissed.