### COLEMAN MAYS v. JAMES MAYS.

**Guardian and Ward—Removal of Guardian.**
> A guardian cannot be removed without notice to him of the proceedings for that purpose.

**Guardian's Settlement.**
> Where one is appointed as guardian, and the ward, on arriving at fourteen years of age, chooses another guardian, who is appointed by a court in another county, and such first guardian pays over to the latter one what was then in his hands belonging to the ward, the second appointment not being legal, he remains liable to his ward the same as he would have been if he had not paid the guardian selected by the ward and illegally appointed.

APPEAL FROM WASHINGTON COURT OF COMMON PLEAS.

April 15, 1880.

OPINION BY JUDGE COFER:

In March, 1855, the appellee, James Mays, was duly appointed, by the Washington County Court, guardian of the appellant whose

37

father died in 1854, domiciled in that county. The appellant attained majority in 1874, and in 1875 brought this suit against the appellee for a settlement of his accounts and to recover an alleged balance due from him.

The appellee answered, among other things not necessary to be stated, that the appellant on the 21st of October, 1871, being then over the age of 14 years, went personally before the county court of Green county and chose George Brown as his guardian, who was appointed and qualified as such, and that two days afterward he (the appellee) paid to Brown the balance in his hands due to the appellant.

It does not appear where the appellant resided when the order of the Green County Court appointed Brown guardian was made, nor that the appellee had notice of the application to have the order made. It has been settled by numerous decisions of this court that a guardian cannot be removed without notice to him of the proceedings for that purpose. *Montgomery v. Smith,* 3 Dana 599; *Isaacs v. Taylor,* 3 Dana 600.

No notice appears to have been given to the appellee, and for that reason alone, if for no other, the Green County Court had no jurisdiction, and its order appointing Brown was void. *Montgomery v. Smith,* 3 Dana 599. It results, therefore, that the payment made to him by the appellee was unauthorized, and constitutes no defense to this action.

The statute is peremptory that interest shall be charged against a guardian in biennial rests. Sec. 10, Art. 2, Chap. 48, Gen. Stat., and the same provision was contained in the Revised Statutes.

We are therefore of the opinion that the appellee should account for the balance in his hands, irrespective of the payment to Brown, and that he should be charged with interest in biennial rests to the time of appellant's majority, and therefore with simple interest only.

Judgment *reversed* and cause remanded for a judgment in conformity to this opinion.

*Brown & Lewis, for appellant.    W. E. Riley, for appellee.*