CASE 104—PETITION ORDINARY—FEBRUARY 15.

# Goodloe v. Fox.

### APPEAL FROM BOYLE CIRCUIT COURT.

1. A MASTER COMMISSIONER IS NOT A STATE OFFICER or a deputy State officer within the inhibition of section 165 of the Constitution, and, therefore, one who holds that position is not ineligible to election to, or to hold, the office of city attorney.

2. ELECTION TO ONE OFFICE WHILE HOLDING ANOTHER.—Had the defendant in this case been ineligible to hold the office of city attorney while acting as master commissioner, he would, by virtue of section 5 of chapter 81, General Statutes, have forfeited the office of master commissioner by accepting the office of city attorney, and, therefore, that he was master commissioner afforded no ground for enjoining him from accepting the office of city attorney.

3. TIME OF ELECTION OF CITY ATTORNEY.—Where a city charter provided for the annual election of councilmen on the first Saturday in April, and then provided that on the following Saturday they should organize by electing one of their number as mayor and "at their first meeting after having elected a mayor or at some adjourned meeting," they should elect a city attorney for one year, it being subsequently provided by an amendment to the charter that there should be a biennial election instead of an annual election of councilmen, thus dispensing with the necessity every alternate year of the election of a mayor, and leaving no event in that year by which to certainly fix the time for the election of city attorney, it must be presumed, as it is provided that the city attorney may be sworn into office the third Saturday in April each year, that it was intended that he should, in the years when there is no election of mayor, be elected on a day in April anterior to the third Saturday. And, therefore, the election of defendant as city attorney on the 4th day of April, 1893, was valid.

4. CITY CHARTER NOT REPEALED BY CONSTITUTION.—As the election of defendant took place prior to the general election in November, 1893, and also prior to the passage of any general law for the government of towns and cities, it was, by virtue of the provisions of sections 166 and 167 of the Constitution, controlled by the charter of the city of Danville, in force at the time of the adoption of the new Constitution, and, therefore, the provision of section 147 of the new Constitution requiring that voting by persons in a representative capacity shall be *viva voce*, had no application, and the election was valid, although by ballot, there being nothing in the charter prohibiting that mode of voting

ROBT. J. BRECKINRIDGE AND W. G. WELCH FOR APPELLANT.

1. The election held on the 4th day of April, 1893, was void, because it was four days prior to the day fixed by law for such election. (Acts 1889-90, p. 326, secs. 3 and 4.)

    The time fixed, either by law or proclamation, is of the substance, and must be observed to make a valid election. (McCrary on Elections, secs. 118, 141, 193; Toney v. Harris, 85 Ky., 479.)

2. The election by ballot was violative of section 147 of the present Constitution.

    This provision of the Constitution is mandatory. (Varney v. Justice, 86 Ky., 597.)

3. Injunction was the proper remedy. (High on Injunctions, secs. 30, 1315.)

ROBERT HARDING AND JOHN W. YERKES FOR APPELLEES.

1. Even if it should be conceded that the offices of master commissioner and city attorney are incompatible, the acceptance by Fox of the office of city attorney would merely result in rendering vacant the office of master commissioner, and of this plaintiff has no right to complain. (Kentucky Statutes, sec. 3744.)

2. The election of a city attorney on the 4th day of April, 1893, was a compliance with the spirit and intention of the law. (Acts 1889-90, vol. 1, pp. 321-332; *Idem*, vol. 2, p. 759; Williamstown Graded Free Schools v. Webb, 89 Ky., 272.)

    Even in popular elections, where the time for the election is doubtful, and the election is held at a certain time by order of the proper authority and by the general consent of the voters, it will be allowed to stand. (6 Am. & Eng. Enc. of Law, p. 319.)

    The requirements of the law as to the time of holding the election are directory merely, and not mandatory. (Varney v. Justice, 86 Ky., 600; Anderson v. Winfree, 85 Ky., 609; State v. Tolan, 33 N. J., 195; Cole Co. v. Allison, 23 Ill., 437.)

3. The charter of the city of Danville was still in force at the time of the election, and its provisions govern as to the mode of voting. Therefore, section 147 of the Constitution has no application to this case, even if it should be conceded that the board of council is a representative body within the meaning of the Constitution. (Constitution of Kentucky, secs. 166, 167; Holzhauer v. City of Newport, 94 Ky., 396.)

4. The plaintiff must, in order to recover, show title in himself. (Toney v. Harris, 85 Ky., 464.)

5. Injunction was not the proper remedy. (Houston, County Judge v. Steele, MS. Op., Dec. 8 1894; 2 High on Injunctions, secs. 1243, 1250, 1312-1315; McCrary on Elections, secs 351-2.)

Goodloe v. Fox.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

On the 4th of April, 1893, the appellee, Charles C. Fox, was elected by the board of council of the town of Danville, Kentucky, city attorney for the ensuing year, and was to qualify as such attorney on the third Saturday in that month. The appellant, W. O. Goodloe, had, on the 9th of April, 1892, been elected city attorney for the town of Danville for the period of one year.

By the provisions of the charter of the town, one year is the length of the term of the office of city attorney, but the incumbent holds it until his successor is elected and qualified. This action is brought by the appellant to enjoin and restrain appellee Fox from taking the oath of office and entering upon its duties.

In the petition it is alleged (1) that appellee was not eligible to the office of city attorney, because he was then master commissioner of the Boyle Circuit Court; (2) that the election at which appellee was chosen city attorney was invalid, because it was not held on the day fixed by the charter, and amendments thereto, for holding such election; (3) that the voting by the board of council was by secret ballot, when it should have been *viva voce.*

A demurrer was sustained to the petition as amended, and plaintiff failing to plead further, his petition was dismissed. To review that action of the court, this appeal is prosecuted.

Section 165 of the Constitution provides that no person shall, at the same time, be a State officer or a deputy officer, or a member of the General Assembly,

and an officer of any city or town, &c. The office of master commissioner is not one that comes within the inhibition of the Constitution. The master commissioner is not a State officer or a deputy State officer. One who holds that position is not ineligible to an election to, or to hold, the office of city attorney for the town of Danville.

Had appellee Fox been ineligible to hold the office of city attorney while acting as master commissioner, then, under section 5, chapter 81, General Statutes— which reads as follows: "The acceptance by one in office of another office or employment incompatible with the one he holds, operates to vacate the first"— he would have vacated the office of master commissioner by accepting that of city attorney. This, we deem, a sufficient answer to the question raised that Fox could not accept the office of city attorney while holding the office of master commissioner.

To determine the question of the validity of the election on the fourth of April involves the construction of the charter of the town of Danville and the amendments thereto.

Under the third section of the act approved February 12, 1890 (Acts 1889-90, vol. 1, pp. 321-332), amendatory of the various acts governing the town of Danville, the election of councilmen for the town was to be from the wards on the first Saturday in April. On the Saturday following their election, after taking the oath of office, they are to meet and organize by electing one of their number mayor of the town. Under this act, the councilmen hold their offices twelve months, which necessitated an annual election.

Goodloe v. Fox.

By an act amendatory of the act supra, approved February 17, 1890 (Acts 1889–90, p. 759), the term of the office of councilman is increased to two years. The act did not change the time of their election or the time when they should meet and organize.

By the terms of section four of the act of February 12, 1890, the board of council at their first meeting after having elected a mayor, or at some adjourned meeting, if they saw fit to postpone the same, shall annually elect, for a term of one year, a city attorney, who may be sworn into office the third Saturday in April in each year. The time when the councilmen are to be elected is certain. When the board of council are to meet and organize by electing a mayor is equally definite and certain. The city attorney "may be sworn into office the third Saturday in April of each year," but the terms of the act do not make it imperative that he should be inducted into office on that day. Instead of a biennial election as in the case of councilmen, the city attorney is to be elected annually. The council elected in 1892 were to elect a city attorney at the first meeting after the mayor was elected or at some adjourned meeting, which left uncertain and indefinite the day for his election.

The organization of the board of council, which was elected in 1892, was complete when they elected the mayor. Thus they had no organization to perfect in 1893, as the councilman who had been elected mayor held his office two years. As no organization of the board of council was to be perfected in 1893, no day was named upon which, or adjourned meeting provided for at which, the election should take place in the odd

years. As the city attorney could take the oath of office on the third Saturday in April, it is reasonable to infer that the election should take place in April in the odd year, on a day anterior to the third Saturday in that month.

The purpose of the act was to limit the term of the city attorney to one year, and that the council should not hold the election to fill that office until it was fully organized by having a mayor to preside over their deliberations. If the act had provided that the city attorney should be elected on a certain day in April, for instance the first Saturday, and annually thereafter, then we would hold that the council should have held the election on that day. In the absence of such a provision of the charter, we are constrained to hold that the election of the appellee Fox on the 4th of April was valid. It is not claimed that it was not a free and fair election, or that a majority of the board did not participate in it. It is not claimed that Fox was attempting to interfere with the appellant in the discharge of his duties as city attorney during the term for which he had been elected. The complaint was that he would take the oath of office on the third Saturday in April, 1893, and enter upon the duties of the office of city attorney, which, we think, he had the right to do.

It is insisted that the election of appellee Fox was invalid, because the voting was by secret ballot and not *viva voce*.

There is nothing in the charter which requires that the voting shall be *viva voce* or prescribing how the voting shall be done.

The contention is, that section 147 of the Constitution was applicable to this election, and the election being by persons in their representative capacity, the voting should have been *viva voce*.

Section 166 of the Constitution provides that "all acts of incorporation of cities and towns heretofore granted, and all amendments thereto, except as provided in section 167, shall continue in force under this Constitution,  *  *  *  but not longer than four years from and after the first day of January, one thousand eight hundred and ninety-one, within which time the General Assembly shall provide by general laws for the government of towns and cities, and the officers and courts thereof as provided in this Constitution."

Section 167 provides that "all city and town officers in this State shall be elected or appointed as provided in the charter of each respective town and city until the general election in November, 1893, and until their successors shall be elected and qualified, at which time the terms of all such officers shall expire."  *  *  *

When the election of appellee occurred, the charter and amendments were in force. They were continued in force by the express terms of section 166 until the General Assembly should provide by general laws for the government of towns and cities. By section 167 the officers of all cities and towns were to be elected or appointed, as provided in the charter of each respective town and city, until the general election in November, 1893, and until their successors are elected and qualified.

The General Assembly had not, when this election

took place, passed general laws for the government of towns and cities. At the time of this election the General Assemby had not passed any law relating to the election or appointment of officers of towns and cities, and could not pass any law, to go into operation before the November election of 1893, that would change the method (provided in the charters of towns and cities and amendments thereto) of electing or appointing officers of cities and towns. This election was, and correctly so, regulated by the charter and its amendments of the town of Danville, and it was not necessary to make appellee's election to the office of city attorney valid, that the voting should be *viva voce*.

Judgment affirmed.