## James J. Finn, Plaintiff in Error, v. Fannie O. Wetmore, Defendant in Error.

1. Equity—*when jurisdiction of person of former master in chancery acquired in foreclosure proceedings.* Jurisdiction of the person of a former master in chancery was acquired in foreclosure proceedings, by the terms of the decree of which the master was required to pay certain bonds, by service of notice of pendency of a petition for a citation to compel him to pay the same and of the substance of the contents and prayer thereof.

2. Equity—*when question of sufficiency of notice of pendency of proceedings against master in chancery waived.* The question of sufficiency of service of notice of pendency of a petition for a citation to compel a master in chancery to pay bonds required to be paid under the terms of a foreclosure decree is waived by answer and plea to the bill.

3. Equity—*when jurisdiction of subject-matter acquired in proceedings against master in chancery to compel payment of bonds pursuant to foreclosure decree.* Jurisdiction of the subject-matter was acquired by the court when a petition for a citation to compel a master in chancery, who had sold certain property under a foreclosure decree, to pay certain bonds, was filed in which it was alleged that the master had in his hands funds that came into his hands as master in chancery, which he refused to turn over to the petitioner, to whom they rightfully belonged.

4. Equity, § 394*—*what is nature of office of master in chancery and right of supervision over acts by court.* A master in chancery is an officer of the court, and in all matters where his power to act is derived from an order of court, such as an order to sell property in a foreclosure proceeding and distribute the proceeds of such sale, he is a part of the court, and his acts are subject to the supervision of the court to the end that the orders of the court shall be performed.

5. Equity, § 394*—*when court has jurisdiction to compel master in chancery to turn over money.* Where a master in chancery has received by virtue of his office, or has had come into his hands in the course of some legal proceeding, money or property which he has no equitable right to retain, the court in which such proceeding is pending has jurisdiction, on petition or motion of the party entitled thereto entered in the same suit, to order the money or property returned to the party to whom it belongs, even though his term of office has expired.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

6. Trusts, § 239*—*when right of action against trustee not barred by lapse of time.* Neither the statute of limitations nor laches will, as between the trustee and *cestui que trust,* bar an action to recover funds held as a direct or express trust.

7. Trusts, § 239*—*when lapse of time is defense in case of resulting trust.* Neither the defenses of the statute of limitations nor laches will, as between trustee and *cestui que trust,* avail in case of a resulting trust until the trust is repudiated.

8. Trusts, § 239*—*what is trust fund, right to recover which not barred by laches or statute of limitations.* Money in the hands of a master in chancery after the rendition of a foreclosure decree requiring payment of certain bonds by him is a trust fund, and, where no disavowal of the trust is made until immediately before the filing of a petition for a citation in the foreclosure proceedings to compel him to pay such bonds, the action is not barred by laches or the statute of limitations, regardless of whether the trust be classed as an express or resulting trust.

9. Equity—*what is potent proof that bonds not paid by master in chancery pursuant to foreclosure decree.* Possession of bonds by the owner is potent proof of the falsity of a claim by a master in chancery that he paid such bonds pursuant to a decree in foreclosure proceedings requiring such payment and the taking up of the bonds.

Error to the Circuit Court of Macon county; the Hon. William K. Whitfield, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed October 22, 1918. *Certiorari* denied by Supreme Court (making opinion final).

Redmon, Hogan & Redmon, for plaintiff in error.

James Y. Kelly and Vail, Pogue & Allen, for defendant in error.

Mr. Justice Graves delivered the opinion of the court.

Plaintiff in error in 1899, then being master in chancery in Macon county, sold certain property under a decree of foreclosure entered in the case of *American Trust & Savings Bank v. City Electric Ry. Co.,* then pending in the Circuit Court of that county, and received the money therefor. Thereafter he, as such

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

master in chancery, was by decree of that court ordered to pay out those funds so received to the holders of bonds described in the trust deed that was foreclosed the sum of $304.01 for each of said bonds "upon the presentation of the same, and that he endorse such payment upon each of such bonds." Fannie O. Wetmore, the defendant in error here, was then the owner and holder of seven of those bonds as executrix. She was not a party to the foreclosure proceeding and had no notice or knowledge of such proceeding until May 2, 1914, at which time she demanded of plaintiff in error that he pay and take up the seven bonds held by her. This he did not do, and she caused the case in which the foreclosure decree was entered to be redocketed, and filed therein her petition for a citation against him to compel him to pay the same. After some preliminary motions had been made by plaintiff in error, he in January, 1915, filed his answer to the petition, in which he states that he is a resident of Winnebago county and claims that the courts of Macon county have no jurisdiction over him in the pending proceeding; that he has not been master in chancery in Macon county since 1903; that prior to his retirement from the office of master in chancery he had fully paid out and distributed all the moneys that had been in his hands as the proceeds of the said foreclosure sale, and that since that time none of such moneys had been in his hands; and that defendant in error is guilty of laches. He also filed a plea of the statute of limitations. Finally in the May term, 1917, of the Circuit Court in Macon county, after several amendments had been made to the petition for the citation and the original answer and plea filed to the original petition had been ordered to stand as his answer and plea to the petition as amended, the cause was heard and resulted in an order that plaintiff in error pay to defendant in error $2,128.14 and interest from May 2, 1914, the time on which she demanded payment of her bonds, at 5 per cent. It is to review

that order that this writ of error is prosecuted.

The jurisdiction of the court to hear and determine the issues here made is denied by plaintiff in error. Jurisdiction of the person was acquired in this case by the service of notice of the pendency of the petition for the citation and of the substance of the contents and prayer thereof. *Metropolitan Trust & Savings Bank v. Perry,* 194 Ill. App. 277. But in case no adequate service had been had on plaintiff in error, the fact that he has appeared and filed his answer and plea to the bill has waived all question of sufficient service. *Metropolitan Trust & Savings Bank v. Perry, supra.*

Jurisdiction of the subject-matter was acquired by the court when the petition was filed, in which it was alleged that plaintiff in error had in his hands funds that came into his hands as master in chancery, which he refuses to turn over to the petitioner, to whom it rightfully belongs. A master in chancery is an officer of the court, and in all matters where his power to act is derived from an order of court, such as an order to sell property in a foreclosure proceeding, or an order to distribute the proceeds of such sale, he is a part of the court, and his acts are subject to the supervision of the court to the end that the orders of the court shall be performed. Where a clerk, master in chancery or other officer of the court has received by virtue of his office, or has had come into his hands in the course of some legal proceeding, money or property which he has no equitable right to retain, the court in which such proceeding is pending has jurisdiction, on petition or motion of the party entitled thereto entered in the same suit, to order the money or property returned to the party to whom it belongs, even though his term of office has already expired. *Baltimore & O. R. Co. v. Gaulter,* 165 Ill. 233; *Metropolitan Trust & Savings Bank v. Perry,* 194 Ill. App. 277.

Neither the statute of limitations nor laches will, as

between the trustee and *cestui que trust,* bar an action to recover funds held as a direct or express trust. *Chicago & E. I. R. Co. v. Hay,* 119 Ill. 493; *Albretch v. Wolf,* 58 Ill. 186. Neither will those defenses avail in case of a resulting trust until the trust is repudiated. *Reynolds v. Sumner,* 126 Ill. 58; *Springer v. Springer,* 114 Ill. 550; *Chicago & E. I. R. Co. v. Hay,* 119 Ill. 493; Perry on Trusts (6th Ed.), pages 1408, 1411. The money in the hands of plaintiff in error was a trust fund, and under the facts in this case, where if there was any disavowal at all, it was immediately before the petition in this case was filed, and it is immaterial whether the trust be classed as an express or resulting trust. The action is not barred either by laches or the statute of limitations.

Plaintiff in error does not deny that he had the money at one time, but claims to have distributed it in accordance with the order of court. He, however, fails in his proof of payment or distribution. He has his word alone with nothing to corroborate it. There is no report of his as master in chancery, either in the case in question or as a master's term report, that shows such payment, neither is there any record of such a report, neither has he any receipt or check or stub of a check that he even pretends refers to this case. On the other hand, defendant in error emphatically denies that her bonds have ever been paid, and she has the bonds themselves, on which she bases her claim, to corroborate her. These bonds the order of distribution directed should be taken up by the master in chancery when the same were paid by him. Their possession by defendant in error is potent proof of the falsity of his claim of payment.

**The order of the Circuit Court is affirmed.**

*Order affirmed.*