## Talbott, Auditor, v. Park.
(Decided Nov. 27, 1934.)

BAILEY P. WOOTTON, Attorney General, and S. H. BROWN, Assistant Attorney General, for appellant.

JAMES PARK for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

The appellee, James Park, is the commonwealth's attorney of the Twenty-Second judicial district of Kentucky, and he has been selected as a member of the Board of Bar Commissioners of the state. This suit, brought under the Declaratory Judgment Act (Civ. Code Prac. sec. 639a-1 et seq.), presents the question whether the position of member of the Board of Bar Commissioners of the state is incompatible with the office of commonwealth's attorney.

Section 165 of the Constitution provides that no person shall at the same time be a state officer or deputy officer or a member of the General Assembly and an officer of any county, city, town, or other municipality, or an employee thereof, and no person shall at the same time fill two municipal offices. Section 3746 of the Kentucky Statutes provides that certain offices shall be deemed incompatible and section 3744 of the Statutes reads:

"The acceptance by one in office of another office, or employments incompatible with the one he holds, shall operate to vacate the first."

The General Assembly at its 1934 session passed an act (chapter 3) entitled "An Act providing for the adoption and promulgation by the Court of Appeals of Kentucky of rules and regulations defining the practice of law, prescribing a code of ethics governing the professional conduct of attorneys at law and the practice of law, establishing practice and procedure for disciplining, suspending and disbarring attorneys at law, providing for the organization and operation of a Bar Association, prescribing fees to be paid for the administration of this Act, and the collection and disbursement thereof." Section 1 of the act reads in part:

"The Court of Appeals of Kentucky shall, from time to time, adopt and promulgate such rules and regu-

lations as the Court may see proper. * * * (C) Establishing practice and procedure for disciplining, suspending and disbarring attorneys at law. (D) Organizing and governing a Bar Association of the attorneys at law of this State to act as an administrative agency of the Court of Appeals of Kentucky for the purpose of enforcing such rules and regulations as are prescribed, adopted and promulgated by the Court of Appeals under this act, providing for the government of the State Bar as a part of the judicial department of the State government, and for such divisions thereof as the Court of Appeals shall determine, and requiring all persons practicing law in this State to be members thereof in good standing, and fixing the form of its organization and operation.''

Pursuant to the authority conferred upon it by this act, the Court of Appeals adopted rules organizing and governing a bar association of attorneys at law of the state and establishing practice and procedure for disciplining, suspending, and disbarring attorneys at law. The rules adopted by the court established a Board of Commissioners of the State Bar consisting of two members chosen from each of the appellate court districts of the commonwealth. The members of the board are elected by the members of the State Bar. The rules provide that the Board of Commissioners shall act as administrative agents of the Court of Appeals, and it has power to investigate and pass upon all complaints which may be made concerning the professional conduct of the members of the State Bar. The Board reports its findings to the Court of Appeals, and if the party against whom such findings are made files no response after due notice, the rules provide that he shall be in default and an order of suspension or disbarment entered in conformity with the rule which has been issued against him.

It will thus be seen that the Board of Bar Commissioners acts as a fact-finding commission but the judgment is rendered by the Court of Appeals. The members of the board are merely administrative agents of the Court of Appeals selected under rules promulgated by it to assist the court in enforcing the rules and regulations adopted pursuant to chapter 3 of the Acts of 1934. The members of the Board of Commissioners of the State Bar are not officers in the meaning

of section 165 of the Constitution or sections 3744 and 3746 of the Statutes.

The act of 1934 provides for an integrated bar and confers upon the Court of Appeals the power to adopt rules for the organization and government of the State Bar. Whether or not the Court of Appeals has the inherent power to adopt rules for the organization and regulation of the State Bar is immaterial, since if it does not possess that power, the Legislature has clothed it with the requisite power by the act in question.

The act itself creates no office, nor do the rules adopted by the court. No judicial powers are delegated to the Board of Bar Commissioners. Power is conferred on the board to investigate complaints and charges against members of the bar. The board acts merely in an administrative capacity and as an agency of the Court of Appeals, clothed, under its rules, with the power to make investigations and return to the Court of Appeals its findings. The duties of the members of the Board of Bar Commissioners are analogous to those of a master commissioner.

In Goodloe v. Fox, 96 Ky. 627, 29 S. W. 433, 16 Ky. Law Rep. 653, it was held that a master commissioner is not a state officer or a deputy state officer and that the office of master commissioner is not one that comes within the inhibition of section 165 of the Constitution. Even if the powers and duties conferred upon a member of an administrative or other board be such as to constitute him a state officer, it would not follow necessarily that he could not hold another office. As was said in Coleman, Auditor, v. Hurst, 226 Ky. 501, 11 S.W.(2d) 133, 136:

"There is no provision in the Constitution against the same person holding more than one state office, unless the two are incompatible. * * * There is no incompatibility of office, except as prescribed by the Constitution, or laws enacted pursuant thereto, or in cases where there is incompatibility of duties in the different positions."

In the Coleman Case it was held that membership in the Judicial Council was not incompatible with the duties of circuit judges and judges of the Court of Appeals.

In Barkley v. Stockdell, 252 Ky. 1, 66 S. W. (2d) 43, 44, it was said:

"Aside from any specific constitutional or statutory prohibitions, incompatibility depends on the character and relation to the offices and not on the matter of physical inability to discharge the duties of both of them. The question is whether one office be subordinated to the other, or the performance of one interferes with the performance of the duties of the other, or whether the functions of the two are inherently inconsistent or repugnant, or whether the occupancy of both offices is detrimental to the public interest."

We conclude: (1) That a member of the Board of Bar Commissioners is not an officer within the meaning of section 165 of the Constitution or sections 3744 and 3746 of the Statutes: and (2) that the duties of the position are not incompatible with the duties of commonwealth's attorney within the meaning of section 3744 of the Statutes.

The judgment is affirmed.