## Shannon, Auditor of Public Accounts, et al. v. Ray, Commissioner.

Oct. 10, 1939.

32

Hubert Meredith, Attorney General, and A. E. Funk, Assistant Attorney General, for appellants.

Hugh K. Bullitt, Carl Ousley, Jr., and Alexander Booth for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

On July 26, 1938, Joseph Bouteiller filed an action in the Franklin circuit court, on behalf of himself and others similarly situated, against the appellee, Charles T. Ray, master commissioner of the Jefferson circuit court; his surety, National Surety Corporation; and E. E. Shannon, Auditor of Public Accounts of the Commonwealth of Kentucky.

In that action, ultimately determined by this court adversely to the plaintiff (Com., for Use and Benefit of Bouteiller v. Ray, 275 Ky. 758, 122 S. W. (2d) 750), Bouteiller claimed that Ray and his predecessors, as master commissioners of the Jefferson circuit court, had wrongfully and illegally collected some $71,000 in excessive fees, which said Bouteiller sought to recover from the defendants, Ray, the surety company on his bond and the State Treasury, into which such fees had been paid according to the provisions of Section 1761-1 et seq., Kentucky Statutes (1936 Edition), on the ground that the fees charged by him and his predecessors in office were illegal, in that they followed the schedule of fees prescribed by the General Term, which he contended was unconstitutional for the reason that it did not follow the schedule of fees prescribed in Section 1740, Kentucky Statutes, as chargeable generally, throughout the state, by the commissioner's office.

To defend this suit, Ray employed the appellees, Tilford & Wetherby and Booth & Conner, as his counsel.

Upon that action having been successfully defended by the commissioner's privately employed counsel, Ray, as commissioner, presented to the General Term of the Jefferson circuit court the statement or fee claim of said

attorneys, in the sum of $2,500, owing as compensation for their services rendered him in defending the Bouteiller suit, and also presented to it, with the fee statement, an opinion of the Attorney General to the effect that the fee charge made by counsel employed by the commissioner, as compensation for services rendered him, was a proper expense of the office of master commissioner of the Jefferson circuit court and that "same may properly be paid as an expense of said office." Whereupon it ordered that the said Ray, as master commissioner of the Jefferson circuit court, be directed by the order of the General Term of the court to pay his attorneys, Tilford & Wetherby and Booth & Conner, the said sum of $2,500 in full settlement of their claim for services rendered in said litigation and "to charge same as an expense of his office," but with the proviso, or condition precedent to payment, that such payment should not be made until a declaratory judgment should first be procured in the Franklin circuit court and in this court, holding "in substance, that he is authorized to pay as an expense of his office a fee for services in the litigation rendered," and, further, that the expense so incurred "shall be defrayed from funds now on deposit with the Treasurer of Kentucky to the credit of the Commissioner of the Jefferson circuit court," etc.

Pursuant to such direction given, this action was taken in the Franklin circuit court, wherein, the same having been submitted on plaintiff's petition and on demurrer thereto of the defendant, E. E. Shannon, Auditor of the State of Kentucky, it was adjudged that the demurrer of the defendant auditor be overruled, to which ruling defendant objected and excepted, when, he declining to plead further, the court adjudged, in accord with the ruling of the General Term and the opinion of the Attorney General, that plaintiff be authorized "to pay, as an expense of his office," the fee to the said named attorneys employed by him, for their services rendered in the litigation, and that the said expense incurred in their employment to defend said litigation against the commissioner is, within the meaning of those words, as used in Section 1761-1, Kentucky Statutes, "a proper expense of conducting the office of the plaintiff herein and shall be defrayed from the funds now on deposit with the Treasurer of the State of Kentucky to the credit of the Commissioner of the Jefferson circuit court."

From this judgment procured in the Franklin circuit court, in further compliance with the proviso made in the order of the General Term of the Jefferson circuit court, this appeal, it appears, is prosecuted by the State Auditor only to the end of procuring from this court, as well as from the lower court, a judgment so declaring.

From the summary of the record and the judgment entered thereon in favor of the commissioner, it is obvious that the sole question here presented for our review and determination is, whether or not the expense incurred by the appellee, Charles T. Ray, master commissioner of the Jefferson circuit court, in his employment of counsel to defend this action brought against him for the recovery of official fees claimed illegally collected by his office, is to be held "a proper expense of conducting" the master commissioner's office and as such to be paid out of the funds belonging to the office, which have been deposited to its credit with the appellant auditor.

Addressing ourselves to the discussion and decision of this one question presented, we may, looking to that end, first inquire as to what is the nature and character of the office of master commissioner; what is the scope of its official duties; and what official authority is vested in the commissioner, relative to his right to incur expenses for the proper conducting of his office.

This question, insofar as it relates to the nature of the office and the official duties of the commissioner, was thus answered by us in the recent case of Richardson's Guardian v. Frazier, 247 Ky. 59, 56 S. W. (2d) 708, 710:

"There is practical agreement of authority that the master commissioner or the master in chancery, as the case may be, is merely an agent or assistant of the chancellor. Dunlap v. Kennedy, 73 Ky. (10 Bush) 539; Metropolitan Trust & Savings Bank v. Perry, 194 Ill. App. 277; Finn v. Wetmore, 212 Ill. App. 550; 10 R. C. L. 507; 21 C. J. 600.

" 'In this state master commissioners have always been regarded and treated as officers of the courts of chancery, and as mere assistants to the chancellor.' Dunlap v. Kennedy, supra.

"He acts as the representative and assistant of

the court which appoints him. Bate Refrigerating Company v. Gillette (C. C.) 28 F. 673. He is a part of the court, and his official acts are subject to its control and supervision. Finn v. Wetmore, supra.''

This ancient office of master commissioner, almost as old as the chancery court itself and although one created for the assistance of the court, is yet held to be a public office, as was declared in the Bouteiller case, supra.

Notwithstanding such holding, it is also held that the master commissioner is not a state officer. Goodloe v. Fox, 96 Ky. 627, 29 S. W. 433, 16 Ky. Law Rep. 653; Talbott, Auditor v. Park, 256 Ky. 534, 76 S. W. (2d) 600. Nor is the commissioner's office held to be a county office, in which case it would become the county attorney's official duty, under the provisions of Sections 126 and 127, Kentucky Statutes, to attend county and fiscal courts held in the county and conduct all cases and business therein touching the right or interest of the county. Further, Section 127 directs that he shall attend only to the prosecution of all cases in the county in which the commonwealth or county is interested.

This action was not brought in such county, but outside it, in the Franklin circuit court.

In view of such factual situation, by reason of the master commissioner being neither a state nor a county officer and further by reason of neither the state nor the county having any interest in the funds of the commissioner's office, it follows that it did not become the official duty of either the attorney general or the county attorney to represent the commissioner in defending this litigation seeking to recover some $70,000 of the funds belonging to his office.

The commissioner finding himself so circumstanced, wherein a large part of the funds held to the credit of his office by the appellant, State Auditor, were threatened with litigation and finding himself to be without authority to invoke official aid from either the attorney general or the county attorney, for defending such threatened action against him, he conceived it to be his official duty to incur the expense of employing counsel to defend same, as being an expense incurred for the proper conducting of his office.

Upon the successful determination of this Bouteil-

ler suit brought against him, the commissioner being of the opinion that the fee of the attorneys he had employed to defend this suit was a necessary ''expense of conducting his office,'' as provided in Section 1761-1, Kentucky Statutes, he presented the fee bill submitted by his attorneys for services so rendered to the General Term of the Jefferson circuit court, together with an opinion of the attorney general that the fee should be paid out of the funds of the office and charged as an office expense.

Section 1761-1, Kentucky Statutes, provides that the commissioner ''shall annually in the month of January, report to the Auditor, under oath, the amount received by him on account of his official duties or position, * * * as well as the amount paid out by him for necessary deputies or assistants, and for the expenses of conducting his office.'' Section 1762, Kentucky Statutes, after providing for the payment of certain salaries to the officers and assistants of the commissioner's office, provides that ''the amount, if any, allowed for the necessary expenses of the office, shall be regulated and fixed by an order entered upon the order book of the circuit court and county court, and signed by a majority of the judges of said courts.''

Further Section 1761-1, Kentucky Statutes, provides that if it shall appear from the report made by the commissioner to the auditor that after paying the salaries and the ''legitimate expense of conducting his office,'' the commissioner has any excess funds, he shall turn them over to the auditor. Also, Section 1761-2, provides that if there shall later be a shortage of receipts, in any future year, resulting in the commissioner being unable to pay the salaries and expenses of his office, he shall file with the General Term ''a statement under oath showing such shortage, and the amount thereof, and the Court shall thereupon, by its order in General Term, any four of said judges concurring, order and direct the Auditor to issue * * * his warrant on the Treasurer to pay * * * to said Commissioner the amount of said shortage named in said order out of the funds which, prior to the date of said warrant had been paid by said Commissioner to the Auditor * * *.''

Under this provision of the statute, the General Term is required to pass on what are and what are not expenses of the commissioner's office; that is, in order

to determine the amount of the shortage, the General Term must first determine the "expenses" of the office.

In this case the Jefferson circuit court, by an order entered at its General Term, expressly determined that the fee charge of the commissioner's attorneys employed to defend this suit was an expense incurred "for conducting his office."

This same ruling was made with reference to the fee charge incurred by the commissioner (that it is a proper expense of his office) by the attorney general, the General Term of the Jefferson circuit court and by the judgment of the Franklin circuit court, here appealed from.

Such unanimity of opinion among so respectable authorities, as well as the logic of the facts here presented, very strongly persuades us as to the soundness and propriety of such ruling.

If, as must be conceded, it was a part of the official duty of the commissioner to preserve and safeguard the funds belonging to his office, it follows that where claims are made against such funds, which the commissioner believes to be illegal and without merit, and to recover which suit is threatened and filed against the commissioner, he is required to employ counsel to defend such litigation and the expense incurred in their employment is clearly one necessary for the rightful conduct of his office.

While numerous case authorities and legal principles are cited in able briefs of counsel, which we have carefully considered and approve as here applicable and supporting the propriety of the judgment appealed from, we deem it would needlessly extend this opinion to cite and discuss them, when in fact it appears that counsel of both appellants and appellee recognize and concede the validity and propriety of the judgment.

The judgment is therefore affirmed.