STERLING GRACE MUNICIPAL SECURITIES CORPORATION; R.J. Wall and Company; Ingalls and Snyder Value Partners, L.P.; Tom Boucher; Steven Foote; and John Dougherty, Appellants,

v.

CENTRAL BANK & TRUST COMPANY; Don W. Stephens, as Rehabilitator (now Liquidator) of Kentucky Central Life Insurance; Lexington–Fayette Urban County Government; Commonwealth of Kentucky; Kebco, Inc.; Contract Decorating, Inc.; Kinnaird & Francke, Interiors, Inc.; Martina Brothers, Inc.; Board of Education of Fayette County, Kentucky; Paragon Group, Inc.; Johnson Safety & Security, Inc.; Telecable of Lexington, Inc.; Criteria Corp.; Continental Blimpie Services of Kentucky, Inc.; Bravos Corporation; Steven Clements, d/b/a T.J. Cinnamons/Columbo Yogurt; Browning Ferris Industries; Central Parking System; Gold Seal Pest Control; GTE South; Hillenmeyer Nurseries, Inc.; Kentucky Utilities Company; Kentucky American Water Company; South Central Communications Corporation; Republic Parking System; A. James Higgs, Jr., as Special Master Commissioner; Webb Properties; R. Dudley Webb; and Donald W. Webb, Appellees.

No. 94–CA–001857–MR.

Court of Appeals of Kentucky.

Dec. 1, 1995.

As Modified on Denial of Rehearing March 1, 1996.

Discretionary Review Denied by Supreme Court Aug. 21, 1996.

Robert W. Bishop, Bishop & Wilson (briefed & argued), Louisville, Michael Chazkel, Chazkel & Associates (on brief), East Brunswick, New Jersey, for Appellants.

Gerald Baldwin, Frost & Jacobs (briefed and argued), Cincinnati, Ohio, Greg E. Mitchell, Frost & Jacobs (on brief), Lexington, for Appellee Don W. Stephens, Rehabilitator (now Liquidator) of Kentucky Central Life Insurance Company.

Thomas C. Walker, Brown, Todd & Heyburn, PLLC (argued), Lexington, for Appellee Central Bank & Trust Company.

Before HUDDLESTON, KNOPF * and SCHRODER, JJ.

*OPINION AFFIRMING*

HUDDLESTON, Judge.

This appeal, brought by Sterling Grace Municipal Securities Corporation, R.J. Wall and Company, Ingalls and Snyder Value Partners, L.P., Tom Boucher, Steven Foote and John Dougherty, concerns the judicial sale of the property known as Lexington Festival Market Place in Lexington, Kentucky.[1]

The appellants argue that: (1) they did not receive timely notice of a hearing at which

---

* Judge Knopf has replaced Judge Karem who participated in the original decision.

1. This appeal was consolidated for oral argument with appeal No. 94–CA–002715–MR. The latter action is the subject of a separate opinion.

the circuit court fixed the terms of the judicial sale of the Lexington Festival Market Place property: (2) the special master commissioner impermissibly objected to the inclusion of an upset price in the order of sale; and (3) the circuit court erred in refusing to specify an upset price, or minimum acceptable bid, for the subject property in its order of sale. Appellants are concerned with the price ultimately received for the property because they are the beneficiaries of a trust set up, in part, to receive the proceeds from the sale, and, in turn, distribute the net proceeds to the appellants. Because we are satisfied that the circuit court acted within its scope of authority and that the appellants had notice of all proceedings below, we affirm the court's orders.

## NOTICE TO APPELLANTS

Appellants argue that they did not receive notice that the circuit court intended to hear and decide whether to include an upset price in the order for a judicial sale of the Lexington Festival Market Place property. Thus, appellants contend, they were unable to present arguments for the inclusion of a "reserve" or upset price.

 The record reveals that on June 1, 1994, appellants' Kentucky and New Jersey counsel were notified of a hearing to approve an order of judicial sale to be held June 20, 1994. The hearing was postponed for reasons not apparent from the record, and a new notice of a hearing to be held on June 22, 1994, was hand-delivered to trustee for appellants' interest and served by telecopy on appellants' New Jersey counsel.[2] Both notices clearly state that the movants would appear before the court to seek approval for a judicial sale of the property and to have the court set the terms of the sale. Notice of particular arguments, objections or issues to be addressed is not required by Ky.R.Civ. Proc. (CR) 5.01. In fact, it is the duty of counsel to be prepared to present arguments to the court that are appropriate in light of the proceedings. A motion to approve a judicial sale indispensably reviews what

terms shall govern the sale. An upset price most assuredly falls within this category.

## STANDING OF THE SPECIAL MASTER COMMISSIONER TO OBJECT TO THE INCLUSION OF AN UPSET PRICE

Appellants' second contention is that the special master commissioner lacked standing to object to the inclusion of an upset price in the order of sale. The position of master commissioner is created by statute, specifically Ky.Rev.Stat. (KRS) 31A.010. The disposition of property through a judicial sale requires the court to "refer the matter to the master commissioner or appoint a commissioner to conduct a public sale." KRS 389A.030(4). If the master commissioner has sufficient reason to recuse himself, such as a conflict of interest, the court may appoint a special master commissioner "who shall meet the same qualifications as a master commissioner." KRS 31A.040.

The master commissioner's duties and powers have evolved over time. KRS 31A.010(2) provides that the master commissioner shall be governed by rules that are not in conflict with the statutes of the Commonwealth, in accord with Supreme Court rules and rules adopted by the court that employs him. The parameters of the master commissioner's duties may be set by court order, and the Supreme Court has the authority to promulgate rules of conduct and other matters governing master commissioners. KRS 31A.010(6) and (8).

Nowhere in the law is there a prohibition against a master commissioner voicing objections or suggesting alternatives to the terms of a judicial sale. The final authority for the terms to be included in the order of sale rests, of course, with the circuit court. KRS 389A.030(4); CR 53.02(1). *See also Wakenva Coal Co. v. Johnson,* 234 Ky. 558, 28 S.W.2d 737, 745 (1930), holding that "[t]he court should fix the terms of sale and not leave these to the discretion of a commissioner." As was said in *Shannon v. Ray,* 280 Ky. 31, 132 S.W.2d 545, 547 (1939):

---

2. At the time the notice for the hearing on the order of judicial sale was delivered, the bondholders were represented through their trustee, Central Bank, and by New Jersey counsel. Independent Kentucky counsel was obtained at a later date.

[The master commissioner] acts as the representative and assistant of the court which appoints him. He is a part of the court, and his official acts are subject to its control and supervision. (Citations omitted.)

■ As these sources indicate, the terms of a judicial sale are ultimately determined by the circuit court; and the court may accept or reject the master commissioner's suggestions. In any event, the appellants were not prejudiced by the commissioner's action since the final arbiter for terms of the sale was the circuit court.

## INADEQUACY OF PRICE AND UPSET PRICE

The appellants assert that the circuit court committed reversible error in declining to fix an upset price for the Lexington Festival Market Place property. They point to the price received for the property, $600,000.00, as grossly inadequate. While appellants claim that the value of the property was twenty times more than the price received, our search of the record fails to reveal supporting documentation for this claim. One memorandum filed with the circuit court argues that the value of the property was two to three times the amount obtained in the sale.[3]

■ Whatever the value of the property, it has long been the rule in this jurisdiction that mere inadequacy of price is an insufficient ground for setting aside a judicial sale. *Sizemore v. Bennett*, Ky., 408 S.W.2d 449, 452 (1966); *Gross v. Gross*, Ky., 350 S.W.2d 470, 471 (1961); *Allen v. Francis*, 292 Ky. 412, 166 S.W.2d 877, 878 (1942); *Melton v. Tipton*, 264 Ky. 196, 94 S.W.2d 350, 351 (1936); *Foor v. Mechanics' Bank & Trust Co.*, 144 Ky. 682, 139 S.W. 840, 842 (1911); *Spence v. Commonwealth*, 140 Ky. 272, 130 S.W. 1113, 1115 (1910); *Scott v. O'Neil's Adm'r*, Ky., 62 S.W. 1042, 1042 (1901); *Rosenham v. Pottinger*, Ky., 60 S.W. 370, 370 (1901). For an inadequate price to require reversal for a new sale, the amount brought in the original sale must be so grossly inadequate as to "shock the conscience" of the circuit court or raise the presumption of fraud. *Gross v. Gross*, Ky., 350 S.W.2d 470, 471 (1961). Neither circumstance exists in this case. The circuit court considered this objection at a hearing held for confirmation of the sale and specifically found that the price which the property brought did not "shock his conscience."

■ A sale may be set aside if the price is inadequate and is accompanied by irregularities in the proceeding. *Gross*, 350 S.W.2d at 471. Here, the order of sale was entered only after a hearing held to determine the terms of sale. There is no suggestion that the master commissioner did not advertise the sale in accordance with the court's orders, or that he in any way deviated from the terms the court specified for the conduct of the sale. Although the confirmation of the sale was not appealed in this action, there were objections to the confirmation of the sale based upon the same grounds argued here, objections which the court considered and found insufficient to justify a resale of the property.

The adequacy or inadequacy of the sale price aside, the appellants' insistence that the trial court erred when it failed to set an upset price is without merit. We can find only three instances in the past century in which the failure to set an upset price was held to constitute reversible error. In *Rosenham v. Pottinger, supra*, Kentucky's highest court reversed a sale and set an upset price because assurances were given to another party having an interest in the property that a certain price would be obtained. *Rosenham*, 60 S.W. at 370. The Court was influenced in its decision by the fact that the assurances given appeared to mislead one who might otherwise have bid for the property. *Id.*

In *Potter Matlock Trust Co. v. Warren County*, 182 Ky. 840, 207 S.W. 709 (1919), the Court reversed a sale and set an upset price

3. The rehabilitator (now liquidator) of Kentucky Central Life Insurance Company filed a prehearing memorandum objecting to the confirmation of the August 25, 1994, sale, stating that it would be proven that the Lexington Festival Market property was worth two to three times the amount received. We have not found any evidence to support this contention in the record.

to avoid the property being sold for a nominal value and to prevent the creditors from unduly suffering a loss when the evidence showed that the upset price set had been offered. *Potter*, 207 S.W. at 713. In another case, the Court has said that an upset price may be fixed in certain circumstances, but that it should be a rare occurrence:

> There will be found, ... statements to the effect that it is proper for the court, before setting aside the sale, to require a bond to be executed, conditioned upon a resale the bidding will be started at a sum specified. But we do not know of any settled rule of equity practice that requires or demands that a sale shall not be set aside unless a bond conditioned as indicated is executed. Nor do we know any good reason why conditions such as these should be imposed. When there is good cause for setting aside a judicial sale, it should be done without attaching any conditions to the order.... The court may also, when it seems right and proper, fix a price below which the property cannot be sold; but this is as far as the court should go in cases like this.

*Spence v. Commonwealth*, 130 S.W. at 1113.

 Other courts considering the question of whether an upset price should be fixed for a judicial sale have also determined that doing so is within the trial court's discretion.[4] Upset prices are generally not favored in judicial sales because of a stifling effect that results in noncompetitive bidding. *Hayes v. Alaska USA Federal Credit Union*, 767 P.2d 1158, 1161 (Alaska 1989). Accordingly, we hold that it is within the trial court's discretion to fix or decline to fix an upset price. There was no abuse of discretion in this case.

The order of sale is affirmed.

All concur.

---

4. See, *e.g.*, *Hayes v. Alaska USA Federal Credit Union*, 767 P.2d 1158, 1160 (Alaska 1989); *American Federal Savings & Loan Ass'n of Tacoma v. McCaffrey*, 107 Wash.2d 181, 188, 728 P.2d 155, 160 (Wash.1986); *Farm Credit Bank of Spokane v. Tucker*, 62 Wash.App. 196, 204, 813 P.2d 619, 624, *rev. den.*, 118 Wash.2d 1001, 822 P.2d 287 (1991).