**Shawn Ross LERNER, Appellant**

v.

**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as Nominee for Countrywide Home Loans, Inc.; Mortgage Electronic Registration Systems, Inc.; Kevin Sanders; Kimberly Sanders; and J.B. Group, Inc., d/b/a Jim Brown Auto Sales, Appellees.**

No. 2012–CA–001484–MR.

Court of Appeals of Kentucky.

Feb. 14, 2014.

Alan S. Rubin, Louisville, KY, for appellant.

Bill L. Purtell, Cincinnati, OH, for appellee Mortgage Electronic Registration Systems, Inc., as Nominee for Countrywide Home Loans, Inc.

Before ACREE, Chief Judge; MAZE and STUMBO, Judges.

## OPINION

STUMBO, Judge:

Shawn Lerner appeals from an order of the Jefferson Circuit Court vacating a judicial sale of real property. We find that the trial court did not abuse its discretion and affirm.

Mortgage Electronic Registration Systems, Inc. (hereinafter referred to as MERS) filed an action on October 4, 2005, to foreclose on certain residential real estate against homeowners Kevin and Kimberly Sanders. A final judgment and order of sale was entered on September 6, 2006. The sale of the property was delayed as a result of the Sanders' attempts to declare bankruptcy. The property was finally sold by the Master Commissioner on January 24, 2012. The property was appraised at $95,000, but was purchased at auction for only $10,000 by Robert Beavers. As the purchase price was for less than two-thirds of the appraised value, the right of redemption set forth in KRS 426.530 applied. KRS 426.530 states:

> If real property sold in pursuance of a judgment or order of a court, other than an execution, does not bring two-thirds (2/3) of its appraised value, the defendant and his representatives may redeem it within a year from the day of sale, by paying the original purchase money and ten percent (10%) per annum interest thereon.

Present at the sale was counsel for MERS. MERS had allegedly instructed counsel to bid up to $85,500 for the property at auction; however, MERS' counsel failed to do so. Subsequent to the auction, MERS filed a motion to vacate the sale, which the purchaser, Mr. Beavers, consented to. In the meantime, the right of redemption created by KRS 426.530 was sold by the Sanders to Mr. Lerner. Mr. Lerner objected to the motion to vacate the sale.

The trial court ultimately found that the sale price was inadequate and "shocks the conscience" of the court. The court also found as relevant that "the rights of [MERS] to protect its interest in the mortgage and the rights of [the Sanders] to have the house sold for a fair value so as to decrease their deficiency would be trampled upon by allowing the sale to proceed." In addition, the court also noted that Mr. Beavers consented to vacating the sale and that the low price was due to a mistake on the part of MERS' counsel. The trial court declared the judicial sale null and void, thereby also declaring the right of redemption a nullity. This appeal followed.[1]

"[I]t is within the sound discretion of the circuit court to confirm or vacate a sale and that the court's exercise of that discretion will not be disturbed unless it appears to this court to have been abused in the judicial sense." *Gross v. Gross,* 350 S.W.2d 470, 471 (Ky.1961). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English,* 993 S.W.2d 941, 945 (Ky.1999).

Generally, "mere inadequacy of price is an insufficient ground for setting

---

1. During the pendency of this appeal, a new auction was held and the property was bought by MERS. The amount MERS paid for the property is unknown.

aside a judicial sale." *Sterling Grace Mun. Securities Corp. v. Central Bank & Trust Co.*, 926 S.W.2d 670, 673 (Ky.App. 1996). "For an inadequate price to require reversal for a new sale, the amount brought in the original sale must be so grossly inadequate as to 'shock the conscience' of the circuit court or raise the presumption of fraud." *Id.* (*citing Gross, supra*); *see also Maynard v. Boggs,* 735 S.W.2d 342 (Ky.App.1987); *Vincent v. Allied Bldg. Credits,* 286 S.W.2d 84 (Ky. 1956); *Louisville Title Co. v. Ramsey,* 258 Ky. 183, 79 S.W.2d 693 (1935).

█ In the case at hand, the trial court found that the sale price shocked the con-

scious of the court. The property sold for about 10 of its value. This being a discretionary issue, we cannot say that the trial court abused that discretion.[2]

For the foregoing reasons we affirm the judgment of the Jefferson Circuit Court vacating the judicial sale.

ALL CONCUR.

---

**2.** It is worth noting that the trial court stated it was "loath to condone a mistake that seems to have no apparent excuse[.]" We agree with that sentiment. The property was sold for only $10,000 due to the negligence of MERS' counsel. Had our standard of review been anything but abuse of discretion, we would have reversed.