# Commonwealth, By et al. v. Pittsburg, Cincinnati, Chicago & St. Louis Railway Company.

(Decided March 18, 1915.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

Pleading—When Not Part of Record—Appeal and Error.—A pleading merely tendered and not filed or made a part of the record of the lower court by an order of that court, although copied into the record by the clerk is not a part of the record, and cannot be considered on appeal.

M. J. HOLT and A. SCOTT BULLITT for appellants.

J. JOS. HETTINGER and CHAS. H. GIBSON for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

This is an action instituted by a revenue agent to recover taxes on certain personal property alleged to have been omitted from assessment for the year 1909. The action was instituted in 1909, in the Jefferson County Court. Answer was filed, but for want of reply the suit was dismissed, and the revenue agent appealed to the circuit court. Several motions were made in the circuit court, but they were not passed upon and the action lay dormant on the docket until September 23rd, 1912. Appellee moved to dismiss because of the failure of the revenue agent to prosecute it with the diligence required by the act of 1912, which is now Section 4260 of the 1915 Kentucky Statutes.

Unless the action comes within the exceptions named in the statute, it is conceded that the court acted properly in dismissing it, because no steps were taken by the revenue agent in the prosecution of the suit within the year preceding July 1st, 1912. But appellant tendered a response to the motion to dismiss, and says that the matter there plead was sufficient to bring the case within the exceptions, and save it from dismissal, and it is now insisted that the lower court erred in dismissing notwithstanding the response.

What purports to be a response is copied into the record by the clerk, but there is no bill of exceptions, or order of the court showing that the paper copied into the record is the response tendered. A pleading merely tendered and not filed or made a part of the record of the

lower court by an order of that court, although copied into the record by the clerk, is not a part of the record, and cannot be considered on appeal. Young, McDowell & Co. v. Bennett, etc., 7 Bush, 474; Hortsman v. Covington & Lexington Ry. Co., 18 B. Mon., 218; Weimer's Admr. v. Smith, 30 Ky. L. R., 1311, 101 S. W., 327; McGrew's Ex. v. Congleton, etc., 139 Ky., 515; Lewis' Admr. v. Bowling Green Ry. Co., 147 Ky., 460; National Concrete Construction Co. v. Duvall, et al., 150 Ky., 192.

As the question sought to be raised in the response cannot be considered on this appeal, and aside from the response the ruling of the court is admitted to be correct, the judgment must, therefore, be affirmed.