## Will v. City of Louisville, et al.

(Decided June 19, 1917.)

Appeal from Jefferson Circuit Court
(Chancery Branch, First Division).

1. Parties—Constructive Service.—Parties brought before the court upon constructive summons in consolidated cases are before the court on all matters involved in the separate actions.

2. Judicial Sales—Exceptions to Report of Sale—Burden of Proof.—
Exceptions filed to a report of sale need not be traversed and
the burden is upon the party excepting to prove the allegations
of his exceptions. In the absence of proof the exceptions will
be overruled.

3. Judicial Sales — Divisibility of Property — Exceptions. — In an
action to enforce a lien upon real estate it is not necessary to
allege that the property is indivisible, but under Sec. 694 of the
Civil Code the court before ordering a sale must be satisfied from
the pleadings, an agreement of the parties, affidavits filed or
report of a commissioner or commissioners whether or not the
property can be divided without materially impairing its value,
and where an uncontradicted verified pleading shows the prop-
erty is indivisible and the property is ordered sold as a whole,
exceptions to the sale will not be sustained upon the ground
the property is indivisible, in the absence of proof.

4. Judicial Sales—Divisibility of Property.—An objection that prop-
erty sold at judicial sale was divisible and should have been
sold in separate parcels can not be relied upon by the pur-
chaser to defeat confirmation.

5. Judicial Sales—What Not Sufficient to Set Aside Sale.—An alle-
gation in the purchasers exceptions to the sale that more land was
sold than was conveyed to the owner under a certain deed, is
not ground for setting the sale aside since the owner may have
held title otherwise, the uncontradicted pleadings alleging he
owned the whole parcel.

6. Judicial Sales—Purchaser—Setting Sale Aside.—The purchaser
at decretal sale can not have the sale set aside because of an
outstanding lien for state taxes, the sale having been made sub-
ject to the lien for state taxes.

7. Appeal and Error—Affidavits.—Affidavits tendered but not filed
or made a part of the record by order of the court can not be
considered upon appeal, although copied into the record by the
clerk.

ROBT. L. PAGE for appellant.

PENDLETON C. BECKLEY and LAWRENCE S. POSTON for
appellee City of Louisville.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

On December 4, 1855, the lot or parcel of land in-
volved here, situated in the city of Louisville, was con-
veyed by deed to James H. Spotts, trustee for Elizabeth
Spotts, during her life, and after her death, to the chil-
dren and descendants of Elizabeth Spotts *per stirpes,*
but if she died without issue to go to her blood relatives
entitled to inherit. Three suits were filed by the city of
Louisville to subject this lot to the payment of city

taxes for each year from 1886 to 1912, inclusive. The actions were consolidated and a judgment rendered awarding the city a lien upon the lot for taxes for the years 1892 to 1912, inclusive, and ordering the sale of the lot to satisfy the judgment, amounting at the time of the sale to $1,598.17. On July 28, 1913, the lot was sold by the master commissioner pursuant to the judgment, and at that sale appellant became the purchaser, at his bid of $1,800.00 for the whole of the lot. The master's report of the sale was confirmed on September 20, 1913, upon motion of the city, but on November 13, 1913, the order of confirmation was set aside to permit appellant to file exceptions to the report of sale. While the exceptions filed are nine in number, the following classification will include them all:

1. That the defendants in the action, the owners of the land, are not properly before the court.

2. That the indivisibility of the property was not pleaded, proved nor adjudged.

3. That more land was sold than is conveyed by the deed under which the defendants hold title.

4. That the court erred in ordering a sale of the property subject to liens for unpaid state taxes without adjudging the amount of such unpaid taxes due the state.

5. That for the years 1886 to 1911 the same property had been sold to the Commonwealth for unpaid state taxes; that the time for redemption by the owner had expired without redemption and that the state was the owner of the property when it was sold, and not a party to the action.

6. That the court erred in refusing to set aside the order of confirmation and in refusing to permit appellant to file affidavits as to the divisibility of the property in question.

1. Did the court have jurisdiction of the parties? The first and second suits filed by the city are against James H. Spotts, as trustee of Elizabeth Spotts, and Elizabeth Spotts. No personal service was ever had upon either of the defendants and it is insisted that the constructive service attempted in the latter of these two suits was irregular and void. The third suit filed by the city was against unknown defendants, being the unknown heirs and devisees of James H. Spotts, deceased, and the unknown heirs, devisees, and blood relatives of Elizabeth Spotts, deceased. The first suit was to recover taxes

for the years 1886 to 1891, inclusive; the second suit for the years 1892 to 1895, inclusive, and the third suit for the years 1896 to 1900, inclusive. On December 4, 1905, the three actions were consolidated. After the consolidation the city filed four amended and supplemental petitions to include respectively the years 1901 to 1904, inclusive; 1905 to 1907, inclusive; 1908 to 1910, inclusive; and 1911 and 1912. When the last of these amended petitions was filed, on September 29, 1912, the city filed an affidavit for warning order, upon which a warning order was made, warning order attorney appointed, who later filed his report, and it is conceded by appellant that the affidavit, warning order and report conformed to law, and it necessarily follows that thereafter the unknown defendants and owners of the lot were constructively before the court. It is conceded the court had jurisdiction of the subject matter; and, as this was an action *in rem*, in which no personal judgment was rendered, it cannot be doubted that the court, after the defendants were before the court on constructive service, in the consolidated actions, had complete jurisdiction to adjudge all of the questions involved in the three actions, even though the parties were not before the court in two of the actions previous to the consolidation. Nor were the first two actions abated by the death of James or Elizabeth Spotts, since the warning order made at the time that their death was first suggested in the record was under section 504 of the Civil Code a sufficient survivor, if made in time, and there is nothing suggested or proven to show it was not so made, and we will presume it was properly made, the question not having been raised in the lower court.

2. It is true that it was not proved or adjudged that the property was indivisible, but that fact was pleaded and the pleading verified. This second exception is predicated upon the statement in the exceptions that the property involved is divisible, which is a question of fact and there is no proof in the record that the property is divisible. The exceptions were submitted by agreement without proof, and that the property was divisible appears in the record only as a statement in the exceptions filed by appellant. As held by this court in Graves v. Lyons, 156 Ky. 446, it is not necessary to traverse the allegations made in exceptions to a report of sale; the burden is upon the one excepting to a judicial sale to prove his allegations, and in the absence of proof supporting his contention the exceptions must be overruled.

It is contended, however, for appellant that the question of indivisibility is a material one, and if such it must have been proven against non-residents who have not appeared, as is provided by section 126 of the code. But is the question of indivisibility a material one in an action to enforce a statutory lien for taxes? In Guest v. Foster, 159 Ky. 1, which was an action to enforce a mortgage lien upon real estate, the court, construing section 694 of the Civil Code, held that it was not necessary to allege in the pleadings that the property is divisible or indivisible. If not necessary to make the allegation in an action to enforce a mortgage lien, it is, for the same reasons, unnecessary in an action to enforce a lien for taxes. And if the allegation is not material it is, of course, unnecessary that it should be proved. In the cases cited by appellant on this·question the sales were ordered on the ground that the land was indivisible, and that question was in these cases material and had to be alleged, proven and adjudged. Section 694 of the code provides only that before ordering the sale of real property for the payment of debt the court must be satisfied by the pleadings, by an agreement of the parties, by affidavits filed, or by report of commissioner or commissioners, whether or not the property can be divided, without materially impairing its value, and if divisible, may divide it, and if indivisible, may sell the·whole of it. In the case at bar it is alleged in the verified petition that the property could not be divided without materially impairing its value and it must be assumed that before ordering the sale here the court was satisfied by the pleadings that the property was indivisible; and presumably the judgment ordering the sale of the property as a whole was equivalent to adjudging that it could not be divided, but whether this be true or not, appellant is in no position to procure a reversal of the judgment herein even if it was error not to adjudge that the land was indivisible; because, if error, it was nót-prejudicial to appellant for the reason that the master before selling the land as a whole asked for bids for the amount to be raised by the judgment for less than the whole of the lot, but no such bids were made. It is, therefore, apparent that even if the lot was divisible, it was necessary to sell the whole of it to raise the amount of the judgment. But even further than this, appellant was not entitled to have the sale set aside upon this ground because an objection that the property was divisible and should have been sold in separate parcels cannot be relied upon by the pur-

chaser at a decretal sale to defeat confirmation. Fowler v. Kallams, Extr., 4 Ky. L. R. 988; West v. McDonald, 113 S. W. 872; Guest v. Foster, *supra.*

3. It is alleged in the exceptions that more land was sold than was conveyed by the deed to the Spotts, but it is not alleged that more land was sold than was actually owned by them, and the statement, even if proven, would not have warranted the setting aside of the sale, because whether the Spotts owned the land under that particular deed or owned it otherwise was immaterial. The petition alleged that the land sold was owned by the defendants and that the claims for taxes were liens upon the land.

4. It is insisted that the court erred in ordering the sale of the land subject to unpaid state taxes without adjudging the amount of such unpaid taxes, but there is no merit in this contention because *caveat emptor* applies at such sales and even if there had been no reference to other outstanding liens that fact would not have authorized the sale to be set aside, but the purchaser could have required the apportionment of the purchase price among the several lienholders if properly presented to the court. Downing v. Thompson's Extr., 28 Ky. L. R. 1132, 92 S. W. 290. In the judgment herein the court reserved for later adjudication the funds derived from the sale, so that appellant was not prejudiced in any way by the lien for state taxes.

5. The exception that this property has been sold to and was owned by the Commonwealth at the time of the sale herein, if proven, would have necessitated this sale being set aside, but this condition of the title appears in this record only in the unsupported allegation of appellant's exceptions to the sale, which, as we have hereinbefore pointed out, under authority of Graves v. Lyons, *supra,* was insufficient to authorize the court to set the sale aside.

6. The attempt to file affidavits as to the divisibility of the land and inadequacy of the purchase price came too late after the sale had been confirmed, the confirmation set aside in order that appellant might make his objections to the sale, and then again confirmed upon a submission without proof by agreement upon exceptions filed by appellant, except upon a showing that would have explained his failure to offer proof in proper time. Whether such a showing could be made after an agreed submission we need not now decide, and whether or not such a showing was attempted in the affidavits attempted

to be filed we cannot say, because these affidavits were not filed or made a part of the record, and although copied in the record cannot be considered. Comth..v. Pittsburg, C. C. & St. L. R. R. Co., 163 Ky. 645.

For the reasons given the judgment is affirmed.