**Arvie M. BURCHETT and Jessie W. Burchett, His Wife, Appellants,**

v.

**The BANK JOSEPHINE et al., Appellees.**

**Arvie M. BURCHETT and Jessie W. Burchett, Appellants,**

v.

**The BANK JOSEPHINE et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 3, 1971.

Francis D. Burke, Burke & Justice, Pikeville, for appellants.

Joe Hobson, Prestonsburg, C. Kilmer Combs, Combs & Anderson, Pikeville, Harris Howard, Howard & Francis, Burl Wells Spurlock, Prestonsburg, for appellees.

NEIKIRK, Judge.

This is a consolidation of two appeals from a final order of the Floyd Circuit Court confirming a judicial sale of certain real property belonging to Arvie M. Burchett and Jessie W. Burchett, his wife, pursuant to a foreclosure proceeding instituted by The Bank Josephine.

No complaint is made as to the findings of fact, conclusions of law, and judgment entered by the trial court on June 2, 1970.

On the appeals the only issues presented by the appellants, Arvie M. Burchett and Jessie W. Burchett, relate to the appraisal made by the court-appointed appraisers and whether the appellants were entitled to a hearing on the question of the validity of the appraisal.

We have examined the appraisal and the filing of the report in the light of KRS 426.520. We find that the appraisal was regular as to form and is in conformity with the terms set out in the Master Commissioner's report.

The circuit court directed the Master Commissioner to sell the property referred to in the judgment. The property was sold

on July 3, 1970, at the appraised value of $40,000.

The appellants contend that their exceptions raised issues requiring an evidentiary hearing; and that the failure of the trial court to afford such a hearing violated appellants' substantial rights.

The Master Commissioner's report of sale was filed on July 6, 1970. On July 11, 1970, the appellees moved that the court confirm the report and sale. On July 13, 1970, appellants filed "exceptions to sale and report of Master Commissioner." On July 17, 1970, appellants filed "amended exceptions to Commissioner's report and motion." On July 19, 1970, six days after appellants' first exceptions were filed and two days after the amended exceptions were filed, the trial court entered its final order confirming the sale and overruled the appellants' exceptions and amended exceptions.

■ We have examined the exceptions and amended exceptions and are of the opinion that the only one of merit is the allegation that the appraisal before the sale was so low as to be a constructive fraud upon the appellants. Included in the exception is an affirmative allegation that the property sold had a reasonable value of $160,000. This presented a factual issue.

We are of the opinion that the trial court erred in confirming the report of sale after the exceptions had been filed without first having an evidentiary hearing on the factual issue of the value of the property. KRS 426.530 provides an owner the right of redemption in the event the property sold by judicial decree does not bring two-thirds of its appraised value. An insufficient appraisal could defeat the right of redemption by the owner. We are *not* saying that the appraisal of $40,000 is legally insufficient; we *are* saying that the trial court should have held an evidentiary hearing concerning the sufficiency of the appraisal.

■ The exceptions filed by the appellants are pleadings. Such pleadings do not require a response. They stand traversed as a matter of law. Kelley's Heirs v. Burnam, 305 Ky. 544, 204 S.W.2d 965. The burden is upon the one excepting to prove his allegations, or the exceptions will be overruled. Will v. City of Louisville, 176 Ky. 450, 195 S.W. 822; E'town Shopping Center, Inc. v. Lexington Finance Company, Ky., 436 S.W.2d 267.

In the instant case the appellants were not afforded opportunity to develop facts to substantiate the allegations in their exceptions relative to the gross disparity between the two values: one of $40,000 by the court-appointed appraisers, and the $160,000 valuation alleged by the appellants. The trial court should not have overruled this exception in the absence of an evidentiary hearing.

■■ We are of the opinion that the purpose of an appraisal relates primarily to the right of redemption and not to the validity of the sale. In the event, after a hearing on the exceptions, the appraisal is found to have been irregular, fraudulent, or so erroneous as to be unconscionable, the trial court shall determine the true value of the property as of the date of the appraisal.

After holding an evidentiary hearing on the sufficiency of the appraised value, should the trial court sustain the exceptions and fix the true value of the property, it should by proper order and judgment protect the appellants' right of redemption.

The judgment is reversed for proceedings consistent herewith.

MILLIKEN, C. J., and OSBORNE, PALMORE and REED, JJ., concur.