EAGLE CLIFF RESORT, LLC, a Kentucky Limited Liability Company; David L. Spencer; Emil Hall; W. Grady Regas; Butch Morrow; Mark Salyer; and J.R. Johnson, Appellants,

v.

KHBBJB, LLC, Appellee.

No. 2008–CA–000676–MR.

Court of Appeals of Kentucky.

Sept. 4, 2009.

Robert E. MacLin, III, David A. Cohen (argued), Lexington, KY, for appellants.

B. Scott Graham (argued), Stanton, KY, Huston Barrow Combs, Lexington, KY, for appellee.

Before ACREE and DIXON, Judges; GRAVES,[1] Senior Judge.

*OPINION*

ACREE, Judge.

Eagle Cliff Resort, LLC, and certain of its members [2] (Eagle Cliff) appeal from an order of the Lee Circuit Court confirming the judicial sale of its commercial property following foreclosure by the mortgage holder, KHBBJB, LLC (KHBBJB). We affirm.

Eagle Cliff was formed in January 2005 to purchase a tract of property located near Natural Bridge in Lee and Wolfe counties. The original developer had previously purchased multiple tracts of land in a remote, rural area and attempted to build a resort complex. In 2003, Whitaker Bank foreclosed on the property and subsequently purchased it for $1.2 million in a judicial sale. Eagle Cliff purchased the resort from Whitaker Bank for $1,375,000.00, borrowing a total of $1.6 million from KHBBJB to finance the purchase and planned renovation efforts. The loan was secured by a mortgage on the property, the individual guaranties of Ea-

---

1. Senior Judge J. William Graves sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statute (KRS) 21.580.

2. Original appellants also included David L. Spencer, Emil Hall, W. Grady Regas, Butch Morrow, Mark Salyer, J.R. Johnson, Robert Weir, Jr. and Larry Tummel. During the

pendency of this appeal, Weir and Tummel filed petitions in federal court seeking protection under federal bankruptcy laws. Consequently, and in accordance with 11 United States Code (U.S.C.) § 362(a)(1) (2006), the appeal has been stayed as to Weir and Tummel. This opinion relates to all original appellants other than Weir and Tummel.

gle Cliff's members, and by granting KHBBJB a membership interest in the resort.

In January 2006, Eagle Cliff defaulted on the mortgage and KHBBJB filed a foreclosure action the following October. The circuit court rendered a partial judgment, awarding KHBBJB $1.8 million and ordering the property sold. Eagle Cliff attempted to have the property partitioned prior to its sale, but the circuit court found that such an action would substantially and negatively impact the property's value. The trial court ordered an appraisal pursuant to KRS 426.520. The court-appointed appraiser valued the property at $1,057,500.00, and the trial court ordered the property sold at auction based on that appraisal.

Eagle Cliff then moved the trial court to continue the sale and filed exceptions to the appraisal. Specifically relevant to this appeal is Eagle Cliff's exception and objection that "the Appraisal [of $1,057,000.00] is inadequate, both in form and substance, and cannot adequately protect the [Appellants'] rights," including redemption rights. Before the scheduled sale date, the trial court conducted a hearing and then ordered the sale to proceed, allowing the Appellants to again file exceptions after the report of sale.

KHBBJB was the sole and successful bidder, acquiring the property for $710,000. The Master Commissioner submitted his report of the sale to the trial court, and Eagle Cliff did file exceptions, again including the objection that the appraisal was insufficient. After a lengthy evidentiary hearing, the circuit court issued an order confirming the sale and specifically ruling that the appraisal by court-appointed appraisers "was sufficient and that the appraisal price of $1,057,500.00 is not unconscionable." This appeal followed.

Eagle Cliff presents three arguments: (1) the trial court failed to protect Eagle Cliff's right of redemption; (2) the trial court erroneously relied upon a defective appraisal; and (3) the trial court's findings of fact are not supported by substantial evidence. Ironically, the first argument is meritorious only if the second argument prevails; and the second argument can only prevail if the assertion made in the third argument is true. Therefore, we view each of these arguments as a variation on a single theme—that is, because there was not sufficient evidence to support the trial court's finding that the appraisal was sufficient, the sale should not have been confirmed.

■ Appellants' first argument is that the trial court failed to protect Eagle Cliff's right of redemption. Such a right is "protected" when the court assures compliance with Kentucky statutes and caselaw regarding judicial sales. Specifically, KRS 426.530(1) outlines the right of redemption as follows:

> If real property sold in pursuance of a judgment or order of a court, other than an execution, does not bring two-thirds (2/3) of its appraised value, the defendant and his representatives may redeem it within a year from the day of sale, by paying the original purchase money and ten percent (10%) per annum interest thereon.

Appellants do not claim that the property failed to bring two-thirds (2/3) of its value as determined by the court-appointed appraisers. Their objection, embraced more directly in their second argument, is actually that the appraisal of the court-appointed appraisers was defective.

■ When a party whose redemption rights are at stake believes the appraisal of his property is inadequate in any way, he is entitled to an evidentiary hearing to

determine whether the appraisal was "irregular, fraudulent, or so erroneous as to be unconscionable[.]" *Burchett v. Bank Josephine,* 474 S.W.2d 66, 68 (Ky.1971). In this case, the trial court conducted such a hearing on March 12, 2008. All parties had the opportunity to present evidence and did.

Following the hearing, the trial court confirmed the sale in an order that bears quotation at length:

The Court has conducted a lengthy evidentiary hearing on the exceptions and does not find the appraisal to have been irregular, fraudulent, or so erroneous as to have been unconscionable. The Court is satisfied that the appraisal performed by [court-appointed appraisers] was sufficient and that the appraisal price of $1,057,500.00 is not unconscionable. . . .

[I]t was held in *Sterling Grace Municipal Securities Corporation v. Central Bank & Trust Co.,* 926 S.W.2d 670, 673 (Ky.App.1996), that "mere inadequacy of price is an insufficient ground for setting aside a judicial sale." Although the [Appellants' appraiser testified that the property] should have been appraised at $4,000,000.00, the history of this property indicates otherwise.

In 2008, the property was appraised at $1,057,500.00 and sold for $710,000.00 [at the subject judicial sale]. In 2003, it had been appraised at $1,188,250.00 and sold for $1.2 million to Whitaker Bank [at a previous judicial sale]. Whitaker Bank then sold the property for $1,375,000.00 in January 2005 to the Defendants. . . . There . . . have been no significant improvements made to the property from 2003 to 2008. It is not unreasonable for the property that was sold to the Defendants for $1.3 million in January 2005 to be appraised at $1,057,500.00 three years later. The

Court simply does not have its conscience shocked by this figure.

. . . The $4,000,000.00 figure is simply not applicable in this small, mountain area when such a figure as $3,000,000.00, or even $2,000,000.00, has never been attained heretofore by the property in question. There was testimony at the hearing that despite the fact that there is no comparable development closer than Gatlinburg, Tennessee, some of the resort facilities serve such specific purposes that they would not attract a wide array of potential buyers, and there has been very little rental of the facilities and difficulty selling individual lots on the property. There was further testimony that the sheer size of the property lowers the value per acre because few buyers could be expected to have the financial resources to purchase such a large piece of property.

These factual findings in this order are subject to our review under Kentucky Rules of Civil Procedure (CR) 52.01. We cannot set them aside unless clearly erroneous. They are not clearly erroneous if supported by substantial evidence, which is "evidence of substance and relevant consequence having the fitness to induce conviction in the minds of reasonable men." *Owens–Corning Fiberglas Corp. v. Golightly,* 976 S.W.2d 409, 414 (Ky.1998). The order sets out, and the record further substantiates, that the findings of fact in this order are supported by substantial evidence. Based on that evidence, the trial court's determination that the appraisal was sufficient to protect redemption rights is not clearly erroneous.

However, Appellants' third argument focuses on another aspect of the substantial evidence issue. They claim that the following additional findings set forth in the trial court's order are not supported by substantial evidence:

Additionally, the property value has depreciated due in part to septic problems and the fact that the roads must be maintained privately.

Appellants claim these findings are based on questions posed by the attorneys rather than testimony given. If so, this was no evidence at all.

We need not determine whether it was a fact that septic system issues and private road maintenance contributed to the depreciation in the property. Excluding these specific findings from the order would not strip it of the substantial evidence upon which it is based.

Furthermore, there was other evidence in the record not specifically identified in the order that would support the finding that the appraisal used was not irregular, erroneous or unconscionable. Chief among that evidence is the failure of anyone to bid against KHBBJB. This is despite the fact that before the auction took place, the Appellants had a $4,000,000.00 appraisal in hand, and also despite the fact that the auction was advertised in two newspapers at a cost of more than $8,500.00. It is reasonable to infer from these facts that everyone who knew of the sale and had the wherewithal to purchase the property declined to do so for reasons related to the property's value, at least to them.

■ Additionally, we are mindful that "courts may take judicial knowledge of prevailing economic conditions[.]" *Elizabethtown Lincoln Mercury v. Jones*, 313 Ky. 321, 231 S.W.2d 42, 44 (Ky.1950). It is clear the trial court did so in this case.

Having concluded that the trial court's findings were supported by substantial evidence, those findings were not clearly erroneous. CR 52.01. Nor can we say that the sale price was "so grossly inadequate as to shock the conscience of the court."

*Gross v. Gross*, 350 S.W.2d 470, 471 (Ky. 1961).

Despite the admittedly large gap between the appraisals by the court-appointed appraisers and the appraisal the Appellants privately obtained, Eagle Cliff fails to demonstrate any abuse of the circuit court's sound discretion.

For the foregoing reasons, the judgment of the Lee Circuit Court is affirmed.

ALL CONCUR.