RENDERED: MAY 14, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0166-MR

RANDALL PRICE                                                                                    APPELLANT

v.                  APPEAL FROM KENTON CIRCUIT COURT
                    HONORABLE PATRICIA M. SUMME, JUDGE
                    ACTION NO. 14-CR-00997

COMMONWEALTH OF KENTUCKY                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, COMBS, AND L. THOMPSON, JUDGES.

CALDWELL, JUDGE: Appellant Randall Price ("Price") appeals from the

Kenton Circuit Court's denial of his motion pursuant to RCr[1] 11.42 seeking a new

trial, alleging ineffective assistance of his counsel at trial. Finding no error in the

court's order, we affirm.

---

[1] Kentucky Rules of Criminal Procedure.

# FACTS AND RELEVANT PROCEDURE

In 2016, the Kentucky Supreme Court issued an opinion in Price's direct appeal of his conviction, for which he was sentenced to a total term of imprisonment of thirty (30) years. The Supreme Court summarized the evidence presented at Price's trial as follows:

> Appellant entered a small bar in Latonia shortly before closing time and sat next to Nick Robbins, although the two were not acquainted. The bartender, Jennifer Carnes, brought Robbins another drink and placed his change, $7.00, on the bar beneath an ashtray. Appellant tried to take the money, but Carnes caught him and gave the money to Robbins. Appellant and Robbins were the last patrons to leave the bar.
>
> Joyce Smeal, who was waiting in the parking lot to give Carnes a ride home, saw Appellant and Robbins leave the bar and light cigarettes. As the two walked together in her direction, Smeal saw Appellant suddenly, and apparently without warning, throw Robbins violently onto the ground and begin viciously punching and kicking him. According to Smeal, Appellant kicked Robbins with such force that it lifted him off the ground. With Robbins immobilized, Appellant rifled through his pockets and then fled the scene. Smeal testified that she did not see the two men arguing before the attack, that she did not see a gun in Robbins' possession, and that she did not see Robbins enter Appellant's vehicle at any time.
>
> Erin Fleek witnessed the event from her kitchen window in a nearby apartment building. She saw Appellant beat Robbins and then reach into the victim's pockets. Fleek and some of her friends went outside to intervene. They yelled for Appellant to stop the beating, and Fleek saw Appellant deliver one last kick to Robbins' head before

leaving the scene. Fleek called 911 and provided a description of Appellant and his car.

Meanwhile, after finishing her closing duties, Carnes left the bar and saw Robbins lying motionless on the ground so badly beaten and covered with blood she did not recognize him. Sargent [sic] Patrick Reece saw Appellant's car leaving the scene. Reece activated his emergency equipment signaling Appellant to stop. Appellant drove on for a short distance before stopping, during which time Reece saw Appellant throw something out of the passenger side window. Further investigation disclosed that the item thrown from the vehicle was Robbins' wallet.

After his arrest, Appellant made several statements to the police. He told police that Robbins had asked him for a ride from the bar to Cincinnati where he planned to get crack cocaine and hire a prostitute. Appellant said he declined Robbins' request, and as they left the bar, Robbins seemed agitated. Appellant said that he told Robbins he would give him two Percocet pills which he had in his car. Robbins got into Appellant's car, and instead of Percocet, Appellant gave Robbins two ibuprofen tablets, which Robbins consumed. Appellant said that Robbins then became angry and aggressive. After Robbins took a swing at him, Appellant "busted his ass." During the police interview, Appellant never claimed that Robbins had a gun, but he testified at trial that Robbins drew a gun and threatened him. A BB gun was found at the scene where Robbins was beaten, although its source was never determined. Appellant testified that he beat Robbins because Robbins threatened him with a gun.

Robbins suffered devastating injuries to his face, eye, and mouth as a result of the assault. One of the first responders to the scene testified that the victim was bleeding from his head, barely breathing, and not moving. Robbins' recovery from the assault was

exacerbated by alcohol withdrawal symptoms and the preexisting conditions of Hepatitis C and cirrhosis of the liver. A few months after the assault, and before the trial, Robbins succumbed to his liver disease and died at the age of fifty-nine.

At trial, Appellant asserted the defense of self-protection, which he claimed was necessary because Robbins had pulled a gun on him and was otherwise threatening him by his actions. Appellant also asserted an extreme emotional disturbance (EED) defense and an instruction was given applicable to that theory. Appellant denied taking Robbins' wallet from his pocket. He claimed that Robbins had inadvertently left his wallet in Appellant's vehicle. The jury rejected Appellant's defenses and convicted him of first degree assault based upon the injuries inflicted upon Robbins and first degree robbery based upon the theft of Robbins' wallet. Judgment was entered accordingly[.]

*Price v. Commonwealth*, No. 2015-SC-000469-MR, 2016 WL 7665874, at *1-4 (Ky. Dec. 15, 2016).

In his RCr 11.42 motion filed in the Kenton Circuit Court following his unsuccessful direct appeal, Price, acting *pro se*, alleged he was entitled to a new trial because his trial counsel was ineffective in the following ways: for misleading him as to the admissibility at trial of the victim's statements to the police; for failing to impeach witnesses to the assault with what he characterizes as prior inconsistent statements to police; for advising him to reject plea offers; for failing to object to the testimony of the victim's sister concerning the victim's allergy to ibuprofen; for failing to object to prosecution's argument that he struck

-4-

Robbins in the head with a BB gun during the assault; and for answering a jury question during deliberations concerning whether his vehicle was searched by the police at the time of his arrest.

The trial court denied relief on each of the grounds without a hearing, except the court did order a hearing into the allegation that counsel misadvised Price concerning the plea offers made by the Commonwealth. Following that hearing, the trial court denied Price relief on that ground, as well, finding his counsel's testimony persuasive and Price's testimony unpersuasive. We affirm the trial court.

## STANDARD OF REVIEW

This Court reviews a trial court's denial of an RCr 11.42 motion for an abuse of that court's discretion. *Bowling v. Commonwealth*, 981 S.W.2d 545, 548 (Ky. 1998). Abuse of discretion has been defined as being arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted).

For that sole issue as to which the trial court ordered and conducted an evidentiary hearing, *i.e.*, whether counsel misadvised Price as to plea offers extended by the Commonwealth, we review the findings of fact of the trial court for clear error. CR[2] 52.01; *Commonwealth v. Pridham*, 394 S.W.3d 867, 875 (Ky.

---

[2] Kentucky Rules of Civil Procedure.

2012). Findings of fact are not clearly erroneous if they are supported by substantial evidence. *Eagle Cliff Resort, LLC v. KHBBJB, LLC*, 295 S.W.3d 850, 853 (Ky. App. 2009).

A trial court reviews an allegation of ineffective assistance of trial counsel pursuant to the standard set out in *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Under this highly deferential standard, the court must apply a two-part analysis first identifying error and then any resultant prejudice.

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687, 104 S. Ct. at 2064.

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is the probability sufficient to undermine confidence in the outcome.

*Id*. at 694, 104 S Ct. at 2068.

## ANALYSIS

Price rather incoherently argues that he is appealing the trial court's failure to order an evidentiary hearing "on the issue of not admitting into evidence the statement made by Mr. Robbins, it is from this order Mr. Price now appeals." However, the briefing also addresses the issue upon which the trial court did grant an evidentiary hearing, *i.e.*, whether counsel advised Price to reject certain plea offers. We will review only these two issues and none of the other issues originally raised in the RCr 11.42 motion but not briefed by Price. It is not sufficient to refer summarily in the brief to issues raised in the motion filed in the trial court and present no further argument and consider the matter properly presented to this Court. "An appellant's failure to discuss particular errors in his brief is the same as if no brief at all had been filed on those issues." *Milby v. Mears*, 580 S.W.2d 724, 727 (Ky. App. 1979).

The trial court determined that every allegation Price raised in his RCr 11.42 motion was refuted by the record, save one. The trial court ordered a hearing concerning the allegation that trial counsel advised Price to reject favorable guilty plea offers extended by the prosecution. After holding a hearing into the allegation of ineffective assistance, the trial court found Price's testimony incredible, but found counsel's testimony reliable and believable. Counsel testified that his notes in the file indicate that he reviewed the offers made with his client

-7-

and that his client was insistent that the charges should be dismissed due to the victim's passing. Counsel indicated that he would have explained to Price that the Commonwealth could still proceed with the prosecution in light of the victim's passing by presenting the testimony of eyewitnesses and medical evidence.

Price testified at the hearing that his trial counsel advised him that if the victim passed, the prosecution could not maintain the action and the charges against him would be dismissed, and that was why he rejected the plea offers extended. The trial court noted that at the hearing, Price changed his theory of relief, now stating he would have accepted the plea if he had known the victim's interview with police would be inadmissible as hearsay, while in the motion he alleged that counsel advised him to reject the plea offers because the prosecution would not be able to proceed with the prosecution if the victim died and his death appeared imminent. Such is, of course, ridiculous. If a victim's death were the death knell to prosecution no murder case could ever be maintained. The trial court found Price's testimony unbelievable and the testimony of his counsel more compelling. We agree and find the trial court committed no error, much less clear error.

The trial court was in the best position to discern the credibility of the witnesses, and we will not second-guess the trial court's determinations as to credibility.

"'[D]ue regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses' because judging the credibility of witnesses and weighing evidence are tasks within the exclusive province of the trial court." *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003) (quoting CR 52.01 and citing *Bowling v. Natural Resources and Environmental Protection Cabinet*, 891 S.W.2d 406 (Ky. App. 1994)). An appellate court defers to factual findings of the trial court unless those findings are clearly erroneous. CR 52.01.

*Commonwealth v. Graham*, 586 S.W.3d 754, 769 (Ky. App. 2019).

The trial court found, after the hearing, that the evidence did not support Price's allegation that his counsel had told him that he should reject all plea offers from the Commonwealth because the prosecution would have to be dismissed if the victim passed. Rather, the evidence supported the conclusion that Price simply did not want to plead guilty and only decided the plea offers were attractive after being found guilty and sentenced to a longer term of imprisonment than offered in any plea offer. This finding was not an abuse of discretion.

Price also alleges that his counsel was ineffective for not introducing the victim's statement to police at the trial. Because Price wanted the statement introduced to establish that he "acted in self-defense," he would have employed the unsworn statement to prove a fact in contest and thus the statement would have been properly rendered inadmissible hearsay pursuant to KRE[3] 801(c). The

---

[3] Kentucky Rules of Evidence.

statement of the victim to police was unsworn, so it was clearly not admissible under KRE 804(b)(1), despite Price's arguments to the contrary. *See Brown v. Commonwealth*, 313 S.W.3d 577, 608 (Ky. 2010) and *St. Clair v. Commonwealth*, 140 S.W.3d 510 (Ky. 2004). Because the statement clearly was not admissible, it was likely counsel recognized such and that was the reason he did not attempt to introduce it. The trial court did not abuse its discretion in so finding, and we agree wholly with the trial court's determination.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the Kenton Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Randall Price, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

James Havey
Assistant Attorney General
Frankfort, Kentucky