RENDERED: JULY 12, 2024; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1019-MR

M.E. WOOD                                                                      APPELLANT

v.          APPEAL FROM LOGAN CIRCUIT COURT
HONORABLE JOE W. HENDRICKS, JR., JUDGE
ACTION NO. 21-CI-00075

BRUCE CLEWELL; COUNTY OF
LOGAN; VICTOR PERRY; AND
W.D. COMPASS                                                                    APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, GOODWINE, AND KAREM, JUDGES.

CETRULO, JUDGE: Appellant M.E. Wood ("Redeemer Wood") appeals a Logan

County judgment that found he did not properly exercise his statutory right of

redemption and confirmed the sale of a property to Appellee Bruce Clewell

("Purchaser Clewell"). After review, we affirm the Logan Circuit Court.

## FACTS & PROCEDURAL BACKGROUND

This case arises from the purchase of delinquent property tax liens on two vacant lots in Logan County ("the property"), previously owned by Appellee Victor Perry ("Perry").[1]  After Purchaser Clewell petitioned for foreclosure on the liens, he obtained an *in rem* judgment against Perry in September 2022.  The property appraised at $50,000, but on October 22, the Master Commissioner sold the property to the highest bidder, Purchaser Clewell, for $1,000.  The sale was confirmed on November 7.  That same day, Perry executed an assignment of his right of redemption to Redeemer Wood.

In February 2023, Redeemer Wood tendered $1,100 (purchase price plus 10% interest) to the county clerk to exercise his right of redemption and later paid an additional $54.09 for reimbursement of the 2022 taxes.  Meanwhile, Purchaser Clewell paid property taxes and other expenses incurred to maintain the property, including labor and fuel expended to remove hazards from the property. The Master Commissioner filed a motion reporting the redemption and requesting an order seeking a redemption determination pursuant to Kentucky Revised Statute ("KRS") 426.530.  Both Purchaser Clewell and Redeemer Wood filed responses and claimed ownership of the property.

---

[1] Purchaser Clewell is the only named appellee participating in this appeal.

In June 2023, more than six months after the sale, both Purchaser Clewell and Redeemer Wood agreed to an evidentiary hearing on July 18, 2023. At that hearing, only Purchaser Clewell, *pro se*, and the attorney for Redeemer Wood[2] testified. Purchaser Clewell testified that he recently paid $176 in maintenance and repair costs on the property, but that Redeemer Wood had not reimbursed him for those expenses nor requested an accounting of those fees. Redeemer Wood argued he attempted to discover any additional fees owed, but that Purchaser Clewell did not volunteer those fees. Redeemer Wood deposited $176 with the county clerk after the evidentiary hearing, *more than six months after the sale of the property.*

In August 2023, the circuit court held:

> In this case, there is no dispute that [Redeemer] Wood, who owned the right of redemption, made no effort to ascertain the amounts due to [Purchaser] Clewell for the taxes or maintenance owed on the property until ***after*** the redemption period expired. Further, there is no evidence to indicate [Purchaser] Clewell did anything to obstruct or hinder [Redeemer] Wood from obtaining that information within the six month redemption period. Accordingly, the Court finds that the redemption was not exercised and the sale of the property to [Purchaser] Clewell is confirmed.

Five days later, the circuit court entered an Amended Findings of Facts and Conclusions of Law that repeated its previous finding. The court entered

---

[2] Although M.E. Wood is the named party, her husband, Jack Wood, legally represented her throughout these proceedings and testified on her behalf.

this amended order because the previous order was entered before Redeemer Wood filed her reply. After review of this new pleading, the circuit court remained unpersuaded and "still conclude[d] that there [was] no evidence in the record showing where [Redeemer] Wood requested [Purchaser] Clewell's costs prior to the expiration of the redemption period." This appeal followed.

## STANDARD OF REVIEW

On appeal, Redeemer Wood challenges the circuit court's factual finding that she made no effort to ascertain the amounts due to Purchaser Clewell until after the redemption period had expired. Findings of fact by the trial court shall not be set aside unless clearly erroneous. Kentucky Rule of Civil Procedure ("CR") 52.01. Erroneous facts are those not supported by substantial evidence. *Johnson v. Akers Dev., LLC*, 672 S.W.3d 205, 209 (Ky. App. 2023) (citing *Eagle Cliff Resort, LLC v. KHBBJB, LLC*, 295 S.W.3d 850, 853 (Ky. App. 2009)).

Additionally, Redeemer Wood argues that the circuit court erred in confirming the sale of the property to Purchaser Clewell because she substantially complied with the requirements of KRS 426.530 within the statutory period. She argues that Purchaser Clewell bore the burden of informing her of his expenses and fees before the statutory right of redemption closed. The applicable standard of appellate review for issues of law, including statutory interpretation, is *de novo*.

-4-

*Akers Dev.*, 672 S.W.3d at 209 (citing *Wheeler & Clevenger Oil Co., Inc. v. Washburn*, 127 S.W.3d 609, 612 (Ky. 2004)).

## ANALYSIS

We start, as we did in *Akers Development*, *supra*, with the acknowledgment that Kentucky law has long favored the right of redemption. *See id.* (citing *Moore v. Bishop*, 49 S.W. 957 (Ky. 1899)). However, as we stated in *Akers Development*, that right is not without limits, and must be exercised in the prescribed time and manner to "redeem" the property from foreclosure. *See id.* (citing *Eagle Cliff Resort*, 295 S.W.3d at 852). In Kentucky, that statutory time period is set by KRS 426.530(1) which provides:

> If real property sold in pursuance of a judgment or order of a court, other than an execution, does not bring two-thirds (2/3) of its appraised value, the defendant and his or her representatives may redeem it within six (6) months from the day of sale, by paying the original purchase money and ten percent (10%) per annum interest thereon, and any reasonable costs incurred by the purchaser after the sale for maintenance or repair of the property, including but not limited to utility expenses, insurance, association fees, taxes, and the costs to conform the property to the minimum standards of local nuisance code provisions and other local ordinances as authorized in KRS 65.8801 to 65.8839.

Here, Redeemer Wood argues she met these statutory requirements before the six-month window closed. However, the circuit court disagreed. The circuit court found that "there [was] no evidence in the record showing where

-5-

[Redeemer] Wood requested [Purchaser] Clewell's costs prior to the expiration of the redemption period." At the evidentiary hearing, the circuit court heard testimony from both Redeemer Wood's legal counsel and Purchaser Clewell. While Redeemer Wood's legal counsel argued he verbally requested the amount of additional fees, Purchaser Clewell steadfastly disagreed and did not admit any such request occurred. Our review must give due regard to the opportunity of the trial court to judge the credibility of the witnesses. CR 52.01. This feels particularly pertinent when parties testify to conflicting facts.

On appeal, Redeemer Wood points to numerous "inquiries" where he requested additional fees owed. However, these inquiries appear to be either (a) instances of oral conversations that the parties remember differently, and/or (b) instances where Redeemer Wood informed the parties and the court that she intended to redeem, but neglected any written *request* for additional fees. Redeemer Wood does not point to any written demand by motion, email, text, or other correspondence, requesting – before the statutory window closed – the total of costs and fees due. As such, the circuit court was not clearly erroneous in concluding Redeemer Wood did not sufficiently request from Purchaser Clewell his costs prior to the expiration of the redemption period.

Next, Redeemer Wood argues that *Akers Development* only requires substantial compliance with KRS 426.530, a standard she met because she paid the

-6-

purchase price plus interest within six months, and Purchaser Clewell bore the burden of informing her of remaining costs and fees he incurred. While we agree that substantial compliance is sufficient for KRS 426.530, we disagree with the burden shift.

Simply, KRS 426.530 requires the redeemer to pay within six months. Implicit in that statement is the burden on the redeemer to attempt to discover what costs and fees he or she must pay. We recognize that the redeemer is often at odds with the purchaser whose interest is generally in retaining the property and defeating the attempt at redemption. However, we cannot place a duty on the purchaser that does not exist in the statute. Consistently, this Court has previously not placed such a burden on the purchaser and instead has focused on a redeemer's obligation to make *a good faith attempt* to discern the amount owed.

In *Akers Development*, the redeemer made numerous requests to ascertain the amount of additional funds owed, but the purchaser did not answer or disclose those fees and costs before the expiration of the right of redemption. It was this good faith attempt to discover the amount owed that proved sufficient to meet substantial compliance within the pertinent statute. Because the redeemer made a good faith effort to ascertain the amount owed, the circuit court determined the redeemer met the statutory requirements even though he did not pay the fees within the statutory window. We affirmed. 672 S.W.3d 205.

Similarly, *Akers Development* discussed *Moore v. Bishop*:

> In *Moore*, a homeowner attempted to pursue his right to redeem but "by some mistake" was nine dollars short. The Court determined that the debtor will be allowed to complete the redemption after the expiration of the time allowed, where he made a good faith attempt to redeem in time, but by mistake deposited a few dollars less than the amount due.

*Akers Dev.*, 672 S.W.3d at 209 (citing *Moore*, 49 S.W. at 957-58).

Again, it is this good faith attempt to ascertain the amount of costs and fees owed before the expiration of the statutory right of redemption that distinguishes *Akers Development* and *Moore* from the matter before us. Redeemer Wood did not establish that she made a good faith request prior to the evidentiary hearing, *i.e.*, prior to the right of redemption window closing. Although there were earlier dates offered by the circuit court for an evidentiary hearing, Redeemer Wood declined those and sought a continuance in April. Thereafter, in July, while it was the first time there was any evidence of other costs presented by Purchaser Clewell, it was also the first time that there was any record of a request for other costs by Redeemer Wood. Of course, at this point, it was beyond the six-month statutory period. Redeemer Wood paid an additional $176 after that hearing, but the circuit court found it was too late. Redeemer Wood now argues that the circuit court's schedule prevented an earlier hearing date, but an evidentiary hearing is not the only opportunity to make a good faith attempt to request money owed.

In *Akers Development*, the request was made, in part, by text. There, the parties argued about whether a text was sufficient, or if a formal court hearing or pleading is required to establish a good faith request. To answer this question, this Court discussed an unpublished case, *Hamilton Holdings LTD. v. Appalachian Royalty Trust, LLC*, No. 2019-CA-001556-MR, 2020 WL 2790417 (Ky. App. May 29, 2020).[3]

> [The purchaser in *Akers Development*] argues that – like the trust in *Hamilton Holdings* – to ascertain the "reasonable costs incurred," a redeemer should either a) request through legal counsel, b) file a motion with the court, and/or c) request a hearing. While those are certainly reasonable (and recommended) steps, *Hamilton Holdings* did not create such a rule. The parties in *Hamilton Holdings* handled *all* negotiations through legal counsel and the facts did not establish that the parties had personal contact at any stage of the process. That is distinguishable from the situation before us. Here, it was reasonable for [the redeemer] to request the information directly from [the purchaser] considering the months of negotiations that had already occurred between the two parties. Had those negotiations not happened, maybe more formal legal steps would have been necessary, but we address only the facts before us.

*Akers Dev.*, 672 S.W.3d at 210.

Again, we address the facts before us. In this case, the Master Commissioner filed a report informing the circuit court of Purchaser Clewell's

---

[3] Then, as now, we cite this *unpublished* opinion as persuasive, not binding, authority. *See* Kentucky Rule of Appellate Procedure 41(A).

$1,100 payment. The Master Commissioner further noted that Purchaser Clewell might have a claim for other reasonable costs incurred and filed this with the circuit court in February. There is no indication in Redeemer Wood's response that she sought to determine those other costs. Here, we have no written attempts, formal or otherwise, of Redeemer Wood requesting the amount owed within the 6-month statutory window. The two parties testified that they had numerous interactions and direct communication. Thus, a text, email, or letter of any kind would have been a reasonable method of requesting those fees directly. We note, although, it would be best practice for a redeemer to make a good faith effort to ascertain the "reasonable costs incurred" through a formal written request, by motion, or by requesting a hearing before the expiration of the statutory window.

To be clear, we are not creating a new requirement of strict compliance with KRS 426.530. We are only reiterating that a redeemer must make *good faith efforts to ascertain and pay all costs and fees* within the statutory window in order to establish the required substantial compliance. *See Moore*, 49 S.W. at 957-58; *see also Akers Dev.*, 672 S.W.3d at 209-10.

Therefore, the circuit court's factual finding that Redeemer Wood did not make a good faith request for fees and costs owed, within the statutory window, was not clearly erroneous. As Redeemer Wood did not make a good faith attempt to timely ascertain the amount owed, she did not substantially comply with

-10-

KRS 426.530.  Thus, the circuit court did not err in confirming the sale of the property to Purchaser Clewell.

## CONCLUSION

In light of the foregoing, we AFFIRM the Logan Circuit Court.


ALL CONCUR.


BRIEF FOR APPELLANT:

Jack D. Wood
Louisville, Kentucky

BRIEF FOR APPELLEE BRUCE CLEWELL:

Bruce Clewell, *pro se*
Russellville, Kentucky