RENDERED:  OCTOBER 31, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1215-MR

MEREDITH L. LAWRENCE                                        APPELLANT

APPEAL FROM GALLATIN CIRCUIT COURT
v.           HONORABLE JAMES R. SCHRAND, II, JUDGE
ACTION NO. 23-CI-00123

DENTONS BINGHAM
GREENEBAUM DOLL, L.L.P. F/K/A
BINGHAM GREENEBAUM DOLL,
L.L.P.                                                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, EASTON, AND A. JONES, JUDGES.

COMBS, JUDGE:  By our specific order entered on December 4, 2024, the

appellant, Meredith Lawrence, is limited to a single issue in this appeal:  a

challenge to the validity of the master commissioner's sale of property confirmed

by the Gallatin Circuit Court in its order entered on September 9, 2024.  We have

examined the relevant portions of the record and considered the pertinent arguments of counsel. After our review, we affirm.

Our analysis of the only issue subject to appeal is not dependent upon the protracted litigation between the parties. For that reason, we omit a comprehensive recitation of the procedural history (spanning more than a decade) underlying entry of the circuit court's order confirming the judicial sale. Instead, we note only that the circuit court's order of sale was entered on May 28, 2024, and that no timely appeal of that order was filed.

The master commissioner's sale was conducted on July 25, 2024. The report of sale was filed the following day, July 26, 2024. Thereafter, Lawrence served written objections. He challenged the appraisal of the property; the manner in which the sale was advertised; and the judgment lien of the appellee, Dentons Bingham Greenebaum Doll, LLP. The circuit court conducted an evidentiary hearing on August 16, 2024. In its order entered on August 22, 2024, the circuit court denied these objections and others presented at the hearing. It confirmed the report of sale. This appeal followed.

We restrict our discussion to the issue to which Lawrence has been limited by our previous order -- the validity of the sale. Lawrence contends that the sale was defective because the notice of sale failed to conform to the

requirements of KRS[1] 426.700 by omitting the sum of money for which it was to be made and because the appraisers appointed by the court lacked the necessary experience and training.

The party taking exception bears the burden to prove his allegations. *Burchett v. Bank Josephine*, 474 S.W.2d 66, 68 (Ky. 1971) (citing *Will v. City of Louisville*, 176 Ky. 450, 195 S.W. 822 (1917); *E'town Shopping Center, Inc. v. Lexington Finance Company*, 436 S.W.2d 267 (Ky. 1969)). Generally, a trial court's decision to confirm a judicial sale is reviewed for abuse of discretion. *Lerner v. Mortgage Electronic Registration Systems, Inc.*, 423 S.W.3d 772, 773 (Ky. App. 2014). However, the nature of our review of this matter is impacted by the deficiencies inherent in Lawrence's brief.

The Kentucky Rules of Appellate Procedure (RAP) govern the organization and content of briefs filed with this Court. RAP 32(A)(4) provides that the argument section of an appellant's opening brief "shall contain at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner." Lawrence's brief provides that his argument concerning the alleged defect in the notice of sale proceedings was "[p]reserved through out [*sic*] the circuit court case and (R 963, 964, 1083)" and that his argument concerning the appraisal process

---

[1] Kentucky Revised Statutes.

was "[p]reserved at: (R. # 610, 791, 812, 813, 814, 825, 826[)]". These statements are woefully inadequate. As a consequence, we review the assertions concerning the alleged defects in the sale proceedings only for manifest injustice. *See Ford v. Commonwealth*, 628 S.W.3d 147, 155 (Ky. 2021); CR 61.02 ("A palpable error which affects the substantial rights of a party may be considered by the court on motion for a new trial or by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error."); *Hibdon v. Hibdon*, 247 S.W.3d 915, 918 (Ky. App. 2007) (an error is palpable if it is "easily perceptible, plain, obvious and . . . so serious that it would seriously affect the fairness to a party if left uncorrected." (internal quotation marks and citations omitted)).

The specific manner in which Lawrence now contends that the notice of sale was deficient is an entirely new issue. Nevertheless, the master commissioner's notice included the specific amount of the judgment underlying the judicial sale. It also expressly referenced the court's judgment and order of sale. The judgment referred to the liens, and Lawrence had actual knowledge of them. On these bases, we conclude that the circuit court's decision to deny Lawrence's objection to the sufficiency of the master commissioner's notice of sale did not result in manifest injustice.

With respect to his assertion that the sale was fatally defective because the appraisers were unqualified, Lawrence's brief includes only the following conclusory commentary: "The Commissioner chose unqualified appraisers to appraise the property when qualified appraisers were known and available. Neither of the two appraisers in this case have [*sic*] the required experience or training in the field of real estate." Lawrence fails to identify the appraisers or point to **any evidence** offered to show that they were unsuitable to the task.

In lieu of further analysis, we simply note that following an evidentiary hearing conducted before the sale, the circuit court observed that the disputed property was "appraised by two disinterested, intelligent sworn housekeepers of the county." One of the appraisers testified that he had performed over one hundred appraisals for the master commissioner in Gallatin County beginning in the 1980s. The other appraiser testified that he had performed appraisals for the master commissioner for approximately fifteen years. The court's conclusion that the appraisers were qualified did not result in manifest injustice. There was no abuse of discretion.

In our order entered on December 4, 2024, we ruled that arguments related to the validity of the appellee's underlying judgment lien are frivolous, and we prohibited Lawrence from challenging the lien. Nevertheless, he devoted the

vast majority of his appellate brief to that very issue.  In addition to our specific order of December 4, 2024, Lawrence is subject to a standing order of this Court entered as a result of his persistent and abusive litigation practices.  While the Appellee has not requested that we sanction Lawrence, we note that he has impudently tested the forbearance of this forum.

The Appellee has filed a motion requesting that we take judicial notice of two previous opinions, and we see no valid reason to support that request.  By separate Order of this Court, we shall deny that motion.

The order of the Gallatin Circuit Court is affirmed.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Meredith L. Lawrence
Warsaw, Kentucky

BRIEF FOR APPELLEE:

Aaron A. Vanderlaan
Frank K. Tremper
Covington, Kentucky